George C. KEENER and Edna M. Keener, Plaintiffs-Appellants,

v.

BLACK RIVER ELECTRIC CO–OPERA-TIVE, Defendant-Respondent.

No. 33161.

St. Louis Court of Appeals.
Missouri.

June 13, 1969.

George A. Adolf, St. Louis, for plaintiffs-appellants.

Roberts & Roberts, Farmington, for defendant-respondent.

BRADY, Judge.

This appeal comes to the writer upon reassignment. It results from the trial court's action sustaining defendant's motion for judgment filed immediately after the jury was sworn and prior to the opening of plaintiffs' case.

Before ruling on that issue we are confronted with defendant's motion to dismiss this appeal on the ground plaintiffs' brief is in violation of Civil Rule 83.05, V. A.M.R. Plaintiffs' brief comprises only a borderline compliance with the rule, but since it does comply the motion should be overruled.

Plaintiffs' action was in tort for trespass alleging ownership of Lot 2, Highway D, Cameron Resort Area; that defendant "with force and arms" cut down and destroyed approximately forty-four trees of the value of $5,000.00 in which defendant had no interest or right and which were standing "on land not defendant's own, contrary to the form of the statute in such cases made and provided"; and that to remove the cut trees plaintiffs were caused to expend money and labor, and to remove the stumps will in the future be required to expend a total of $1,000.00. The prayer was for $6,000.00 "and that the Court treble" this amount.

The answer was a general denial and the allegation it was the owner of a right-of-way easement covering Township 33 North, Range 6 East, Section 7 in Madison County, Missouri. Immediately following the selection and swearing of the jury, defendant filed a "Motion for Judgment" and asked to be heard upon that motion. This motion set forth the failure of plaintiffs to deny defendant's ownership of a right-of-way easement over the land upon which the trees were located and that plaintiffs had made no attack upon the validity of the easement. The motion alleged the existence of the easement was therefore admitted, stating: " * * * the defendant is entitled to a directed verdict because the issues herein involved are resolved in the pleadings."

During the argument on the motion the right-of-way easement pleaded in defendant's answer was introduced into evidence as was a portion of the depositions of the plaintiffs. From these it can be determined the trees were cut on land lying within the description on the right-of-way easement and the easement was executed prior to the cutting of the trees.

At no time during the proceedings in the trial court or on appeal have plaintiffs made any attack upon the easement or the admissions contained in their depositions. Evidence also established defendant used a distribution line erected on this easement to serve other consumers in the general area of plaintiffs' land who did not have other electric service and in order to do so one new pole and two additional anchors were to be installed.

The pertinent part of the easement reads as follows " * * * and to construct, operate and maintain on the above-described lands and/or in or upon all streets, roads, or highways abutting said lands, an electric transmission or distribution line or system, and to cut and trim trees and shrubbery that may interfere with or threaten to endanger the operation and maintenance of said line or system. The undersigned agree that all poles, wires and other facilities, including any main service

entrance equipment, installed on the above-described lands at the Cooperative's expense shall remain the property of the Cooperative, removable at the option of the Cooperative, upon termination of service to or on said lands."

During its colloquy with counsel following presentation of the motion the trial court stated: "And, under the law in the McIntosh case the Court feels obligated to sustain the motion."

Plaintiffs present two allegations of prejudicial error. First, they contend the trial court erred in sustaining defendant's motion for the reason they should have been allowed to show defendant cut trees which did not "* * * interfere with or threaten to endanger the operation and maintenance of said line or system" and thus were acts beyond the powers granted defendant by the easement.

There is no doubt both defendant and the trial court considered defendant's motion as one for judgment on the pleadings. Defendant titled it as a "Motion for Judgment" and in the last paragraph of the motion gave as its reason: "* * * because the issues herein involved are resolved in the pleadings."

■■■ Where an issue of fact is presented by the pleading a motion for judgment on the pleadings should be denied. Hall v. Missouri Ins. Co., Mo.App., 208 S.W.2d 830; Helmkamp v. American Family Mutual Insurance Co., Mo.App., 407 S.W.2d 559. The reason for such a rule is twofold. First, that by moving for judgment on the pleadings an adversary in effect admits the facts well pleaded by his opponent (Midwest Game Co. v. M.F.A. Mill Co., Mo., 320 S.W.2d 547; Leggett v. General Indem. Exchange, 363 Mo. 273, 250 S.W.2d 710). Secondly, from the fact the real position of a party moving for judgment on the pleadings is similar to that taken by a movant on a motion to dismiss; i.e., assuming the facts pleaded by the opposite party to be true, these facts

are nevertheless insufficient as a matter of law. Gempp v. Teiber, Mo.App., 173 S. W.2d 651. The whole question is whether the moving party was entitled to judgment as a matter of law on the face of the pleadings. Bruce v. City of St. Louis, Mo.App., 217 S.W.2d 744. See also § 509.-360, RSMo 1959, V.A.M.S.; Civil Rule 55.-39, V.A.M.R.; and cases collected in Mo. Digest, Pleading, Keys 350(3), 343. Was there an issue of fact presented by the pleadings or was defendant entitled to judgment as a matter of law on the face of the pleadings? Defendant's position there was not such an issue is based upon its contention plaintiffs' failure to reply to the answer constituted an admission of the easement and thus a complete defense to plaintiffs' action. We cannot agree.

■■■ Civil Rules 55.01, 55.11, V.A.M. R., require a reply to be filed only when a counterclaim is involved or when ordered by the court. When no reply is required the new matter alleged in the answer is deemed denied. Insofar as this court's opinion in Woodruff v. Tourville Quarry, Inc., Mo.App., 381 S.W.2d 14, holds otherwise, it is no longer to be followed. Defendant relies on McIntosh v. Foulke, 360 Mo. 481, 228 S.W.2d 757, in urging this easement was admitted by failure to deny it in a reply. The excerpt from the trial court's oral ruling of this motion as set out in this opinion clearly indicates it also held the view McIntosh ruled this matter. A careful reading of McIntosh will show it is inapplicable to the instant appeal. That was an action to determine title to realty. The defense was res judicata (see Civil Rule 55.10, V.A.M.R.) and the answer prayed for the cross-relief that defendant be adjudicated owner of the land involved. In addition, defendant had filed a motion for an order requiring plaintiffs to file a reply and plaintiffs had confessed such motion and asked for twenty days in which to file the reply. Nevertheless, they did not file one. The court in McIntosh treated the answer as in effect constituting a

counterclaim due to the prayer requesting the court judicially determine defendant was the owner of the realty involved. The answer in the instant appeal is not susceptible to such an interpretation. In addition, the court in McIntosh relied on the fact a reply had been ordered as a result of a motion which had been confessed. Under such conditions it is easy to understand why the court in McIntosh held that no reply having been filed the new matters alleged in the answer in the nature of a bill for affirmative cross-relief stand admitted. The distinctions between the situation in McIntosh and that presented by the instant appeal are apparent and obvious. McIntosh does not authorize the action taken by the trial court in this case.

■ As we construe them, the pleadings raised an issue of fact. The petition alleged ownership of "Lot 2, Highway D, Cameron Resort Area". The answer alleged an easement in "Township 33 North, Range 6 East, Section 7 in Madison County, Missouri." There was nothing in the pleadings to indicate the trees were cut upon land covered by the easement. Accordingly, we hold the question of whether the easement was in existence and did constitute a defense to plaintiffs' action was not admitted as defendant contends and there were issues of fact presented by the pleadings. Under such circumstances the trial court was in error in sustaining the motion for judgment on the pleadings.

This appeal is complicated by the fact that although defendant originally intended its "Motion for Judgment" to be a proceeding on the pleadings, it introduced evidence in support of such a motion without objection from plaintiffs. (Compare Baker v. Lamar, Mo., 140 S.W.2d 31, holding that no evidence can be heard on such a motion.) By so doing it converted the motion for judgment on the pleadings into something else. It could no longer be a motion for judgment on the pleadings (Baker v.

Lamar, supra) but what title to give it after the introduction of evidence is unimportant. Defendant used the term "directed verdict" but he did so even before the introduction of evidence. In any event, and whatever title we are to give the motion, the question is whether the introduction of such evidence supports the direction of a verdict in favor of defendant.

We hold it did not. While the evidence did establish the trees lay within the area covered by the easement, there was still at issue the question of whether the easement allowed defendant to act as it did in cutting the trees. It is clear that had plaintiffs been allowed to present their evidence, defendant its, and the case proceeded in normal fashion, the issue would have been joined on whether or not this easement had been violated. At the close of the pleadings that was the essence of the action and it was still in that state at the close of the evidence defendant offered in support of its motion. Indeed, since the easement was a defensive matter stated in the answer, the burden would seem to have been on the defendant to go forward with the evidence to show the easement did allow it to cut these trees. However, it is not necessary to rule that issue.

It is no answer for defendant to point out that plaintiffs never pled a violation of the easement. Had the evidence established a violation of the easement plaintiffs could have thereafter amended their petition to conform to the proof, or had that issue been tried the pleadings would have been deemed amended to conform to the proof.

It was clearly error to direct a verdict for the defendant. Our decision on this point renders unnecessary any ruling upon defendant's remaining allegation of prejudicial error. The judgment is reversed and the cause remanded.

WOLFE, P. J., concurs.