MADISON BLOCK PHARMACY,
INC., Appellant,

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Respondent.

No. 62473.

Supreme Court of Missouri,
En Banc.

July 14, 1981.

Rehearing Denied Sept. 8, 1981.

George T. O'Laughlin, David C. Ruyle, Larry Butcher, Kansas City, for appellant.

Edwin W. Rooker, Edward L. Smith, James E. Welsh, Kansas City, for respondent.

WELLIVER, Judge.

Madison Block Pharmacy, Inc., (Madison Block) filed a two count petition against United States Fidelity and Guaranty Company (USF&G) seeking recovery for certain losses under an insurance contract issued by USF&G. Pursuant to Rule 55.27(b), USF&G filed a motion for judgment on the pleadings as to Count I, arguing that coverage for these losses was specifically excluded by the language of the insurance contract. The circuit court sustained the motion for judgment on the pleadings by dismissing Count I, declaring the judgment to be final for purposes of appeal, and holding

in abeyance any ruling as to Count II pending appeal. On appeal, the Missouri Court of Appeals, Western District, reversed the judgment of the circuit court dismissing Court I and remanded the case for further proceedings. The case was transferred to this Court for the purpose of reexamining the existing law on the construction of exclusionary language in property insurance contracts. Rule 83.03. We review the case as on original appeal. Mo.Const. Art. V, § 10; Rule 83.09. We affirm the circuit court's judgment dismissing Count I and remand the case for further proceedings as to Count II.

On or about January 1, 1976, Madison Block and USF&G entered into a property insurance contract. The subject matter of the insurance contract was a building and certain fixtures and personal property that Madison Block used in its pharmacy building located at 3021 Southwest Boulevard, Kansas City, Missouri. Also involved was a gross earnings endorsement (business interruption coverage). The contract of insurance was attached to and made a part of plaintiff's petition.

Section III of the insurance contract contains the following language:

### III. PERILS INSURED AGAINST

This policy insures under Section I against all direct loss to the property covered under this form caused by the following perils, *except as otherwise specifically provided*:

. . . . .

F. Vehicles or Aircraft: *Loss* by aircraft or *by vehicles shall mean only direct loss resulting from actual physical contact of* an aircraft, including self-propelled missiles or spacecraft, or *a vehicle with the property covered hereunder or with the buildings containing the property covered hereunder*, except that loss by aircraft includes direct loss by objects falling therefrom.

(Emphasis added.)

Section IV of the insurance contract is denominated as "EXTENSIONS OF COVERAGE." Section V of the contract contains in part the following:

### V. EXCLUSIONS

This policy does not insure under this form against:

. . . . .

C. *Loss caused by, resulting from, contributed to or aggravated by any of the following*:

. . . . .

2. *flood, surface water*, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not; . . .

(Emphasis added.) [1]

The gross earnings endorsement of the insurance contract contains the following provisions:

1. *Subject to all the provisions and stipulations otherwise applicable to Section I of this policy*, . . . this policy is extended to insure against loss resulting directly from necessary interruption of business caused by perils insured against damaging or destroying, during the policy period, real or personal property. . . . *For purposes of this insurance, 'perils insured against' shall mean the perils, as defined and limited in the forms and endorsements listed above*, for each of the premises specified and also subject to the provision of this endorsement.

(Emphasis added.)

In the evening of September 12 and the early morning of September 13, 1977, rain fell on Kansas City, Missouri, causing four or five feet of flood or surface water to surround Madison Block's drugstore. Paragraph 4 of the first amended petition alleges:

1. The insurance contract contained two exclusions for loss "caused by, resulting from, contributed to or aggravated by" flood or surface water. One exclusion applied to the insurance on Madison Block's building. The other exclusion applied to the insurance on Madison Block's personal property. Both exclusions contain identical language.

4. On or about September 13, 1977, Madison suffered a direct loss that resulted when the operator of a boat navigating flood waters steered the boat through the front door of Madison's building thereby causing such waters to enter such building and cause extensive loss and damage to property of Madison covered by defendant's policy of insurance.

The parties have stipulated that damage done by the boat to Madison Block's front door is covered under a glass coverage endorsement in the insurance contract, and that USF&G has satisfied this claim. The losses in question are those that occurred after the boat collided with the building allowing the flood or surface water to enter the building. Madison Block claims that the losses in question were "direct loss[es] resulting from actual physical contact" of a vehicle (the boat)[2] with Madison Block's building and that these losses were insured losses under the vehicular collision provision of the insurance contract.

USF&G filed a motion for judgment on the pleadings as to Count I, arguing that: the specific language of the insurance contract excludes from coverage losses "caused by, resulting from, contributed to or aggravated by" flood or surface water; that the pleadings show the losses in question were caused by, resulted from, were contributed to, or were aggravated by flood or surface waters; and therefore, from the face of the pleadings, the losses were specifically excluded from coverage under the insurance contract.

## I

The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well pleaded facts in the opposing party's pleadings. *State ex rel. Jackson County Library District v. Taylor*, 396 S.W.2d 623, 624 (Mo. banc 1965); *Ingle v. City of Fulton*, 268 S.W.2d 600, 603 (Mo.App.1954); *Cantor v. Union Mutual Life Insurance Company*, 547 S.W.2d 220, 224 (Mo.App.1977). "The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss, i. e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law." *Cantor v. Union Mutual Life Insurance Company*, 547 S.W.2d 220, 224 (Mo.App.1977). *See Kenner v. Black River Electric Co-operative*, 443 S.W.2d 216, 218 (Mo.App.1969). A motion for judgment on the pleadings should not be sustained where a material issue of fact exists. *First National Bank of Clayton v. Trimco Metal Products Company*, 429 S.W.2d 276, 277 (Mo. banc 1968); *Keener v. Black River Electric Co-operative*, 443 S.W.2d 216, 218 (Mo.App.1969). However, a motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law. *Cantor v. Union Mutual Life Insurance Company*, 547 S.W.2d 220, 224 (Mo.App.1977); *Keener v. Black River Electric Co-operative*, 443 S.W.2d 216, 218 (Mo.App.1969). *See Helmkamp v. American Family Mutual Insurance Company*, 407 S.W.2d 559, 565 (Mo.App.1966). It has been held that where the sole issue is the meaning or construction to be given words in an insurance contract, the issue is one of law that may be resolved on a motion for judgment on the pleadings. *Whited v. National Western Life Insurance Company*, 526 S.W.2d 364, 367 (Mo.App.1975); *Gehner v. Equitable Life Assurance Society of the United States*, 430 S.W.2d 621, 623 (Mo.App.1968).

## II

Madison Block argues, and the court of appeals agreed, that if the collision of the boat with its building was the proximate cause of the entire loss sustained, then it would be able to recover under the vehicular collision provision of the insurance con-

---

**2.** In its motion for judgment on the pleadings, USF&G never raised the issue of whether a boat is a "vehicle" within the meaning of this insurance contract. Since the point has not been raised, we may proceed upon the assumption that a boat in the course of being driven and operated is a "vehicle."

tract. Madison Block principally relies on language in *Cova v. Bankers & Shippers Ins. Co. of New York*, 100 S.W.2d 23, 29 (Mo.App.1937). *See also Delametter v. Home Insurance Company*, 233 Mo.App. 645, 126 S.W.2d 262, (Mo.App.1939). In our opinion, the question of determining what losses directly and proximately flow from a specified covered peril cannot be reached until it is determined whether or not the exclusionary language clearly and unambiguously precludes recovery for such losses.

We are aware of the general rule that where there is ambiguity in an insurance contract, especially ambiguity in respect to restrictions or limitations on coverage, such ambiguity should be resolved against the insurer. *See, e. g., Meyer Jewelry Company v. General Insurance Company of America*, 422 S.W.2d 617, 623 (Mo. 1968). *See also* J. Appleman & J. Appleman, Insurance Law and Practice with Forms, § 7501 (1976 & Supp.1980); G. Couch, Cyclopedia of Insurance Law, § 15:92 (2d ed. 1959 & Supp.1980); 43 Am. Jur.2d Insurance § 271 (1969 & Cum.Supp. 1980); 44 C.J.S. Insurance § 297(c) (1945 & Cum.Supp.1980). However, if the language of the insurance contract is clear and unambiguous, then this Court does not have the power to rewrite the contract for the parties and must construe the contract as written. *See, e. g., Crim v. National Life and Accident Insurance Company*, 605 S.W.2d 73, 76 (Mo. banc 1980); *Heald v. Aetna Life Ins. Co. of Hartford, Conn.*, 340 Mo. 1143, 1149, 104 S.W.2d 379, 382 (1937); *Wendorff v. Missouri State Ins. Co.*, 318 Mo. 363, 370–71, 1 S.W.2d 99, 101–02 (1927); *Hamiltonian Federal Savings & Loan Association v. Reliance Insurance Company*, 527 S.W.2d 440, 442 (Mo.App.1975); *Steinhaeufel v. Reliance Insurance Companies*, 495 S.W.2d 463, 466 (Mo.App.1973); *Simpson v. American Automobile Insurance Company*, 327 S.W.2d 519, 525–26 (Mo.App.1959).

Missouri has long recognized that where there is an absence of exclusionary language or where there exists ambiguity in the language of the contract, and, it is necessary to determine or define the extent of coverage, application of the proximate cause analysis is appropriate. In such cases, all losses which can be shown to have been directly and proximately caused by the specified peril, are deemed to have been intended to be covered by the policy. *See Newmark v. Liverpool and London Fire and Life Insurance Company*, 30 Mo. 160 (1860), where theft of goods after fire was held to be included in fire coverage (no reference to exclusions or language); *Cova v. Bankers and Shippers Ins. Co. of New York*, 100 S.W.2d 23 (Mo.App.1937), holding subsequent fire to be covered under collision and upset coverage (no reference to exclusionary language); *Delametter v. Home Insurance Company*, 126 S.W.2d 262 (Mo.App. 1939), where collision after a fire is held to be included in fire coverage (no reference to exclusionary language); [3] *Boecker v. Aetna Casualty and Surety Company*, 281 S.W.2d 561 (Mo.App.1955), construing which of two coverages is applicable within a single policy.

Simply stated, the policy herein states: "This policy insures under Section I against all direct loss to the property covered under this form caused by . . . vehicles . . . [except] this policy does not insure under this form against: . . . [l]oss *caused by, resulting from, contributed to or aggravated by* . . . flood, surface water, . . ." (Emphasis added.) Under section "F. Vehicles or Aircraft." there appears the further limitation that "loss by . . . vehicles shall mean only direct loss resulting from actual physical contact of . . . a vehicle with the proper-

---

**3.** *Frisbie v. Fidelity & Casualty Co.*, 133 Mo. App. 30, 112 S.W. 1024 (1908), while devoting substantial lip service to proximate cause, was decided upon the limited ground that the *intentional* dynamiting of the building to stop a progressing fire was not included in *accidental* glass breakage coverage. *Beauty Supplies, Inc. v. Hanover Insurance Company*, 526 S.W.2d 75 (Mo.App.1975), held water damage to be the direct and proximate result of the vandalizing of plumbing fixtures. The court did not deal with excluded burglary and theft in terms of exclusionary language, but rather disposed of burglary as an antecedent cause and theft as a concurring, but not intervening cause.

ty covered hereunder or with buildings containing the property covered hereunder, . . ." (Emphasis added.)

The language of this form of insurance contract being so clear and unambiguous, we are not at liberty to rewrite the contract for the parties.

We find the language pertaining to the gross earnings endorsement (business interruption endorsement) to be equally clear and unambiguous.

The trial court properly sustained the motion for judgment on the pleadings as to Count I.

Judgment dismissing Count I is affirmed and the cause is remanded for further proceedings on Count II.

All concur.