REINHARD, Judge.
 

 Plaintiffs initiated this action for declaratory judgment seeking a determination of the rights and duties of the parties under a written real estate contract and a subsequent oral modification to that contract and also seeking an injunction prohibiting defendants from foreclosing on the real property that is the subject of the contract. The court granted judgment on the pleadings in favor of defendants, and plaintiffs appeal. We affirm.
 

 In their petition, the plaintiffs alleged the following facts. On July 1, 1980, the parties entered into an agreement for the sale of real property. Defendants agreed to sell and plaintiffs agreed to purchase the property known as Gerald Roller Mill Tavern. The parties agreed upon a total principal price of $85,000.00. Plaintiffs agreed to pay the price in the following manner: $5,000.00 of the principal on July 1, 1980; $5,000.00 of the principal plus accrued interest on that amount on July 15, 1980; $950.00 per month in principal and interest from August, 1980, until August, 1981; $15,000.00 of the principal on August 1, 1981; and, thereafter, monthly payments of interest for nine years and annual payments of principal of $6,175.00 for nine years. The contract provided for the deed to be placed in escrow and delivered to buyers upon full payment of the purchase price. Plaintiffs fulfilled the terms of the agreement until June, 1981. In June the parties entered into an oral agreement modifying the original written agreement whereby plaintiffs agreed to pay $3,500.00 rather than $15,000.00 on August 1, 1981, but also agreed to continue making monthly payments of $950.00 for nine years. Plaintiffs were to continue paying interest on the unpaid balance at the rate of 10% per year. Additional consideration was provided to defendants for the oral modification. Plaintiffs have fulfilled all the terms of the modification. On September 2, 1981, defendant demanded the $15,000.00 principal payment due under the written agreement and threatened foreclosure if payment was not forthcoming. Plaintiffs had already tendered the $3,500.00 principal payment pursuant to the modification.
 

 In their answer, defendants denied the oral agreement and raised the statute of frauds as an affirmative defense. The defendants also filed a motion for judgment on the pleadings on the ground that the statute of frauds prohibits enforcement of the oral agreement in issue here. The court granted defendants’ motion.
 

 Motions for judgment on the pleadings are not favored.
 
 Helmkamp
 
 v.
 
 American Family Mutual Insurance Co.,
 
 407 S.W.2d 559, 565 (Mo.App.1966). Such motions raise the question of whether the moving party is entitled to judgment as a matter of law on the face of the pleadings. If the pleadings present material issues of fact, the motion for judgment should be denied.
 
 Keener v. Black River Electric Cooperative,
 
 443 S.W.2d 216, 218 (Mo.App.1969). A motion for judgment on the pleadings admits the truth of all well-pleaded facts in the petition.
 
 Madison Block Pharmacy, Inc. v. United States Fidelity
 
 
 *396
 

 and Guaranty Co.,
 
 620 S.W.2d 343, 345 (Mo. banc 1981). However, such a motion does not admit the truth of conclusions of law and matters not well pleaded.
 
 State ex rel. Jackson County Library Dist. v. Taylor,
 
 396 S.W.2d 623, 624 (Mo. banc 1965).
 

 The statute of frauds, § 432.010, RSMo.1978, provides that contracts for the conveyance of real property and contracts that are not to be performed within one year must be in writing. The original contract here was both one for the sale of land and one that was not to be performed within one year. The alleged oral agreement modified the original contract. If a contract is subject to the statute of frauds, any modification of that contract must also be in writing.
 
 Gee v. Nieberg,
 
 501 S.W.2d 542, 544 (Mo.App.1973);
 
 Miller v. Arnold,
 
 51 S.W.2d 124, 125 (Mo.App.1932). Therefore, unless the petition alleges facts sufficient to bring the oral agreement within the exception to the statute of frauds, the petition is insufficient as a matter of law and the court properly granted judgment on the pleadings.
 
 See International Plastics Development Inc. v. Monsanto Co.,
 
 433 S.W.2d 291 (Mo. banc 1968).
 

 An exception to the statute of frauds is invoked if application of the statute will work a fraud on the party who relies on the oral contract. The court will enforce an oral contract if 1) the contract is definite; 2) it is proved as pleaded; 3) it is established by recent, definite conversations; 4) it is fair; 5) the proof leaves no reasonable doubt that the contract was made and full performance, as far as possible, has been had; 6) the performance is referable solely to the contract; 7) the contract is based upon adequate consideration; and 8) a real contract, rather than a mere disposition to agree, is shown.
 
 Burgess v. Wright,
 
 565 S.W.2d 854, 856 (Mo.App.1978).
 

 Because the trial court granted judgment on the pleadings here, we are concerned with the sufficiency of the pleadings rather than the sufficiency of the proof. The failure to adequately plead any one of the elements necessary to invoke the exception to the statute of frauds is fatal to the petition. We find that the consideration alleged in the petition is, as a matter of law, insufficient to support the oral modification, and sufficiency of consideration is a question of law for the court.
 
 Vondras v. Titanium Research & Development Co.,
 
 511 S.W.2d 883, 886 (Mo.App.1974). Plaintiffs contend that they have alleged adequate consideration for the modification. Under the alleged modification the principal payments would be delayed, therefore, plaintiffs would pay a greater amount of interest over the nine years remaining on the loan. However, the defendants are not in the business of lending money. The purpose of this transaction was the sale of the property. The sale was accomplished by a contract for deed. There was an existing deed of trust on the property, and defendants themselves were paying interest on the note secured by that deed of trust. The alleged agreed upon delay in the repayment of principal was purely for the benefit of plaintiffs. The alleged modification provided for neither an increase in the rate of interest nor an additional amount of principal. The plaintiffs’ allegation of consideration is inadequate.
 

 Judgment affirmed.
 

 CRANDALL, P.J., and CRIST, J., concur.