**R.L. NICHOLS INSURANCE, INC.,**
**a corporation, R.L. Nichols, Jean**
**Nichols, Plaintiffs–Appellants,**

v.

**The HOME INSURANCE COMPANY, a**
**corporation, Defendant–Respondent.**

**No. 75966.**

Supreme Court of Missouri,
En Banc.

Nov. 23, 1993.

Jerold L. Drake, Grant City, for plaintiffs-appellants.

Edward L. Smith, Kenneth O. Smith, Kansas City, for defendant-respondent.

## PER CURIAM.

R.L. Nichols Insurance, Inc., and R.L. Nichols and Jean Nichols, the sole shareholders, officers and members of the board of directors of R.L. Nichols Insurance, Inc., filed suit against The Home Insurance Company seeking actual and punitive damages for the alleged violation of § 375.035, RSMo 1986 [1], by Home Insurance. The court sustained a motion for judgment on the pleadings filed by Home Insurance. On appeal to the Missouri Court of Appeals, Western District, Nichols contended it had a private cause of action for the alleged violation of § 375.035. After opinion by the western district, this Court accepted transfer. Affirmed.[2]

Nichols alleged in its petition that it was an independent insurance agency and that it had an agency agreement with Home Insurance. Nichols alleged Home Insurance forced the Nichols agency out of business when it adopted a minimum premium of $1,000 for any insurance written for farmers and small businesses and $5,000 for policies written to cover schools. The petition alleged Home Insurance adopted other procedures which made it impossible for Nichols to continue to write insurance for Home Insurance. The petition alleged that Home Insurance had failed to file its minimum premiums with the division of insurance as required by regulations adopted by the division.

Nichols relies upon § 375.035, which provides that when an insurer in this state cancels an independent insurance contract, the insurer shall permit the renewal of all policies of insurance written by the independent agent for a period of one year from the date of termination. That section also provides that the insurer shall pay commissions for the renewal of policies written by the independent agent in the same amount and manner as paid to the independent agent under the terminated contract. Nichols contends that Home Insurance terminated its agency agreement when it adopted minimum amounts just the same as if Home Insurance had given Nichols notice that it was terminating the agency agreement. Nichols contends that Home Insurance has violated § 375.035 and that Nichols has a private cause of action for damages for the violation of such statute.

In *Madison Block Pharmacy, Inc. v. United States Fidelity and Guaranty Co.,* 620 S.W.2d 343, 345[1–3] (Mo. banc 1981), the Court held a party moving for judgment on the pleadings admits for purposes of the motion the truth of all well pleaded facts in the opponent's pleadings. The Court stated that judgment on the pleadings should not be given where a material issue of fact exists, but the motion should be sustained if the moving party is entitled to judgment as a matter of law from the face of the pleadings. *Id.* There is no issue of fact raised, and the only question is a question of law of whether Nichols has a private cause of action for a violation of § 375.035 by Home Insurance.

The question on appeal is resolved by *Shqeir v. Equifax, Inc.,* 636 S.W.2d 944 (Mo. banc 1982). In that case, Shqeir alleged that an insurance company had violated § 379.-118 [3] and that he had a private cause of action for such violations. He relied, as does Nichols, on *Cheek v. Prudential Ins. Co.,* 192 S.W. 387 (Mo.1916). In *Shqeir,* the Court held that when the legislature has established other means of enforcement rather than by a private cause of action, the courts will not recognize a private civil action unless it appears to be a clear implication that the legislature intended to create a private cause

---

1. All references to statutes are to RSMo 1986 unless otherwise stated.

2. With minor editorial changes, this opinion is that of the Missouri Court of Appeals authored by Judge Turnage.

3. In *Shqeir* the Court was applying statutes as they appear in RSMo 1978. However, for purposes of this appeal, the sections in RSMo 1986 are the same as those in RSMo 1978.

of action. *Id.* 636 S.W.2d at 948. In *Shqeir,* the Court held that § 374.280 was a penalty statute providing penalties for the violation of § 379.118. Section 374.280 provides for the forfeiture of a sum not to exceed one hundred dollars for each violation, which the director of insurance may impose after notice and hearing, and further provides that the director may suspend or revoke the license of an insurer, agent, broker or agency for any willful violation. In *Shqeir,* the Court held that because the legislature had established a means of enforcement of chapters 374 through 379, the violation of § 379.118 did not give rise to a private cause of action.

The reasoning in *Shqeir* is equally applicable to this case. Section 375.037 provides a remedy for the violation of § 375.035 and there is no clear implication that the legislature intended to create a private cause of action for the violation of § 375.035. Because the legislature has provided a means of enforcement for a violation of § 375.035 and has not created a private cause of action for the violation of that section, the court properly sustained the motion for judgment on the pleadings.

The judgment is affirmed.

All concur.