**Randal STEPHENS and Cynthia Stephens, Plaintiffs–Respondents,**

v.

**Adam BREKKE and Lisa Brekke, Appellants,**

and

**Bryce D. Robertson and Kristin C. Robertson, husband and wife, Defendants–Respondents.**

Nos. 22013, 22035.

Missouri Court of Appeals, Southern District, Division One.

Oct. 7, 1998.

Craig R. Heidemann, Douglas, Lynch, Haun & Kirksey, P.C., Bolivar, for Appellants.

Thomas L. Williams, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for Respondents.

PARRISH, Judge.

Randal Stephens and Cynthia Stephens (plaintiffs) brought an action to quiet title to real estate in Barton County, Missouri. They alleged there were two contracts for the sale of the same tract of land, one with Adam Brekke and Lisa Brekke and one with Bryce D. Robertson and Kristin C. Robertson; that Mr. and Mrs. Brekke claimed an interest in the real estate based on the contract to which they were parties; that the Brekkes' claim created a cloud on title. Mr. and Mrs. Brekke filed counterclaims for breach of contract and specific performance.

Defendants Bryce D. Robertson and Kristin C. Robertson filed a motion for judgment on the pleadings. The trial court granted the motion. It entered judgment declaring "title is quieted in Plaintiffs, Randal Stephens and Cynthia Stephens," and finding for plaintiffs on Brekkes' counterclaims.

This is a consolidation of two filings in this court. Number 22013 was initiated upon Adam Brekke and Lisa Brekke filing a Motion for Out of Time Appeal in this court on December 15, 1997, the same date they filed a notice of appeal in the trial court. *See* n. 3, *infra.* This court thereafter received from

the clerk of the trial court the notice of appeal that had been filed there. Number 22035 was initiated upon receipt of the notice of appeal from the clerk of the trial court. This court noted the relationship between the two filings and ordered them consolidated. For the reasons hereafter stated, No. 22013 is dismissed and No. 22035 is affirmed.

■ The first issue to be addressed is a motion filed by plaintiffs requesting that the appeal of Adam Brekke and Lisa Brekke be dismissed. The motion asserts that the notice of appeal was not filed within the time required by Rules 81.04(a) and 81.05(a). It further alleges that Mr. and Mrs. Brekke did not perfect the appeal because they did not "request from the Clerk of the Circuit Court, in writing, a transcript of the proceedings and the documents needed for the legal file, within thirty (30) days after the Notice of Appeal was filed, as required by Rule 81.12(c)."

The following chronology is germane to the disposition of the motion to dismiss the appeal:

September 29, 1997 Bryce Robertson and Kristin Robertson file motion for judgment on the pleadings

October 20, 1997 Trial court docket entry states that attorneys appeared; motion for judgment on pleadings sustained

October 29, 1997 Motion to set aside judgment filed

November 7, 1997 Judgment filed

November 17, 1997 Trial court docket entry states that attorneys appeared; motion to set aside judgment heard and taken under advisement

December 1, 1997 Trial court denies motion to set aside judgment

December 15, 1997 Notice of appeal filed

The motion to dismiss the appeal asserts that the judgment was rendered October 20, 1997; the motion to set aside the judgment was filed October 29, 1997, and denied December 1, 1997; that the judgment became final December 1, 1997. The motion alleges, therefore, that the notice of appeal was required to have been filed not later than December 11, 1997.[1]

The fallacy in the motion to dismiss is its premise as to when the judgment in the case was rendered. It asserts the judgment was rendered October 20, 1997, the date the trial court entered its order granting the motion for judgment on the pleadings. However, the trial judge did not file a signed writing denominated as "judgment" until November 7, 1997.

The legal file that is part of the record on appeal includes a copy of a document denominated "judgment" with the circuit clerk's date stamp affixed thereon. The date reflected is "NOV 7 1997." The document recites, "NOW ON THIS 20th day of October, 1997, this cause came on for hearing on various motions. . . ." It notes the appearance of attorneys representing the respective parties and identifies the various pending motions. It then sets forth the trial court's findings and "grants judgment" on the pending claims. The handwritten date, "11/7/97", appears on the left side of the page at the end of the writing. The trial judge's signature appears on a line provided for that purpose at the end of the writing on the right side of the second and final page of the document.

Rule 74.01(a) declares, "A judgment is entered when a writing signed by the judge and denominated 'judgment' is filed. The judgment may be a separate document or included on the docket sheet of the case." The October 20, 1997, docket entry did not meet the requirements of Rule 74.01(a) for entry of a judgment. Judgment was entered November 7, 1997. The judgment became final 30 days thereafter, on December 7, 1997.[2]

---

1. Rule 81.04(a) states:

When an appeal is permitted by law from a trial court, a party may appeal from a judgment or order by filing with the clerk of the trial court a notice of appeal. No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the

judgment or order appealed from becomes final.

2. The motion to set aside the judgment was filed by Mr. and Mrs. Brekke October 29, 1997. The trial court denied the motion December 1, 1997, less than 90 days after it was filed. Since the motion was determined prior to the expiration of

*See* Rule 81.05(a). The parties had 10 days thereafter in which to file notice of appeal. *See* Rule 81.04(a). The notice of appeal was timely filed December 15, 1997.

■ Plaintiffs' motion to dismiss further claims that even if the notice of appeal were timely, the appeal was not perfected. They contend Adam Brekke and Lisa Brekke, the appellants herein, failed "to request from the Clerk of the Circuit Court, in writing, a transcript of the proceedings and the documents needed for the legal file, within thirty (30) days after the Notice of Appeal was filed, as required by Rule 81.12(c)."

Plaintiffs' reliance on Rule 81.12(c) as a basis for dismissing the Brekkes' appeal is misplaced. The assertion that action was required "within thirty (30) days" following filing of the notice of appeal appears to have been based on a prior version of the rule. Before July 1, 1997, Rule 81.12(c) required an appellant to order a transcript of a proceeding that was the subject of an appeal within 30 days following filing of the notice of appeal. *See* Missouri Rules of Court (1997). The current version of Rule 81.12(c) has been in effect since July 1, 1997. It directs an appellant to enter a written order for a transcript within 10 days after a notice of appeal is filed and directs charges for the transcript to be paid as required by § 512.050, RSMo Supp.1997.

Furthermore, plaintiffs' assertion that a transcript should have been ordered in a manner required by Rule 81.12 is incorrect because there was no testimony adduced. No transcript was required. Rule 81.12(a) requires that a record on appeal "contain all of the record, proceedings and evidence *necessary to the determination of all questions to be presented ... to the appellate court for decision.*" (Emphasis added.)

The judgment that is the subject of this appeal is a judgment on the pleadings. It is based solely on the content of written pleadings filed in the trial court. A transcript consists of "the portions of the proceedings and evidence not previously reduced to written form." Rule 81.12(a). There was nothing before the trial court that was not previously reduced to writing that is required in order for this court to determine questions based on the trial court's entry of a judgment on the pleadings.

■ Plaintiffs' motion to dismiss the appeal also complains that "documents needed for the legal file" were not ordered from the circuit clerk within 30 days after filing the notice of appeal. Rule 81.12(c) assigns responsibility for preparing the legal file to the party who appeals, the appellant. It provides, absent an agreement between the parties concerning the accuracy of the legal file so as to not require certification by the circuit clerk, that "appellant shall order any documents that are needed for the legal file from the clerk of the trial court within thirty days after the notice of appeal is filed." The rule does not require notification of the appellate court or other parties of the ordering of certified copies of documents for use in the legal file. Regardless of when certified copies of documents were ordered from the clerk of the trial court, the record on appeal was timely filed. Plaintiffs' motion to dismiss is denied.[3]

Plaintiffs' first amended petition alleges that on or about June 30, 1997, they entered into a contract with Bryce D. Robertson and Kristin C. Robertson. It asserts they later entered into a "conditional" contract for the sale of the same land with Adam Brekke and Lisa Brekke; that "[t]he BREKKE CONTRACT specifically provided that the same was 'subject to present contract between Stephens and Robertson.'"

The pleading states plaintiffs and Mr. and Mrs. Brekke intended that their contract would close only if the contract between plaintiffs and Mr. and Mrs. Robertson did not; that the Robertsons informed plaintiffs they were prepared to close their contract.

90 days, the judgment became final "at the later of the date of disposition of said motion or thirty days after entry of judgment." Rule 81.05(a).

**3.** Lisa Brekke and Adam Brekke filed a motion for leave to file a notice of appeal out of time that was taken with the case. It apparently was intended to provide a means of protection in the event this court determined their notice of appeal had not been timely filed. This court determined otherwise. The motion is moot.

Plaintiffs alleged that the contract with Mr. and Mrs. Brekke was, therefore, "null and void." Plaintiffs contended the Brekkes' claims to the real estate were "without merit or legal validity."

Copies of real estate contracts between plaintiffs and Mr. and Mrs. Robertson (dated June 21, 1997) and plaintiffs and Mr. and Mrs. Brekke (dated July 4, 1997) were attached to the first amended petition and incorporated as part of the pleading by reference. Both contracts appear to be printed forms with blanks filled out in handwriting. Both have a block for "special agreements." A handwritten special agreement in the contract with the Brekkes states, "Contract subject to present contract between Stephens & Robertson."

The judgment entered November 7, 1997, acknowledges appearances on October 20, 1997, by the parties' respective attorneys. It recites that the pending matters were "the Motion of Plaintiffs for A Trial Setting, the Motion of Defendants, Brekke for Change of Venue and the Motion of Third Party Defendants, Robertson for Judgment on the Pleadings."

The judgment continues:

The Court finds that the Stephens are owners of and they and Robertsons had a sales agreement for the following described real estate located in Barton County, Missouri:

[Description omitted.]

The Stephens/Robertson contract was denied by Brekkes, however, a copy of it was attached to and incorporated in the Stephens' Petition and Brekkes, while denying it, did not deny its execution. Under Civil Rule 55.23 the Court must deem the execution of the Stephens/Robertson agreement confessed.

Further, the Stephens and the Brekkes had a real estate contract on the same property subject, however, to the Stephens/Robertson contract. The Court further finds that the Brekkes, as non-parties to the Stephens/Robertson contract, lack standing to claim it is unenforceable. See

*Community Land Corporation v. Stuenkel,* 436 S.W.2d 11 (Mo.1968).

The Court therefore grants Judgment to Plaintiffs, Randal Stephens and Cynthia Stephens against Defendants, Adam Brekke and Lisa Brekke. The Court further grants Plaintiffs' [sic] Judgment on Counts I and II of the Counter–Claim. In making this Judgment the Court ignored factual assertions of counsel during oral argument.

IT IS THEREFORE ORDERED, ADJUDGE [sic], AND DECREED that title is quieted in Plaintiffs, Randal Stephens and Cynthia Stephens in the above described real property. Costs assessed against Defendants, Adam Brekke and Lisa Brekke.

Adam Brekke and Lisa Brekke present three points on appeal. Points I and II are directed to the granting of plaintiffs' motion for judgment on the pleadings. Point III asserts the trial court erred by not ruling on their motion for change of venue.

Before addressing Points I and II, it is appropriate to identify certain principles applicable to motions for judgment on the pleadings. A motion for judgment on the pleadings should not be granted if a material issue of fact exists. *Madison Block Pharmacy v. U.S. Fidelity & Guaranty,* 620 S.W.2d 343, 345 (Mo. banc 1981). However, a motion for judgment on the pleadings should be granted if there exists no material issue of fact and the moving party is entitled to judgment as a matter of law based on the face of the pleadings. *Id.*

A party moving for judgment on the pleadings admits the truth of all well-pleaded facts in the opposing party's pleadings for purposes of the motion. *Id.* "The position of a party moving for judgment on the pleadings is similar to that of a movant on a motion to dismiss, i.e., assuming the facts pleaded by the opposite party to be true, these facts are nevertheless insufficient as a matter of law." *Cantor v. Union Mut. Life Ins. Co.,* 547 S.W.2d 220, 224 (Mo.App.1977), quoted in *Madison Block Pharmacy, supra.* See also *Morris v. Brown,* 941 S.W.2d 835, 842 (Mo.App.1997).

Point I contends the trial court erred in granting the motion for judgment on the pleadings because the pleadings present a factual dispute. Mr. and Mrs. Brekke argue that their answer and counterclaim alleged their real estate contract with plaintiffs was altered after it was executed to subordinate it to the contract between plaintiffs and the Robertsons. They also argue that they pleaded affirmative defenses that raised factual issues.

The first amended petition stated plaintiffs' contract with the Brekkes was a "conditional contract" that was subject to an existing contract with the Robertsons. The Brekkes' answer denied that plaintiffs' contract with them occurred after plaintiffs had a contract with the Robertsons. The answer admits, however, that the language "subject to present contract between Stephens and Robertson" was present on the Brekkes' written offer at the time the offer was accepted by plaintiffs.

Taking the allegations in the answer as true, there exists no material issue of fact as to whether the language "subject to present contract between Stephens and Robertson" was part of the contract between the plaintiffs and Mr. and Mrs. Brekke. The answer affirmatively pleads that the Brekkes offered to buy the real estate from the Stephens July 2, 1997 (and that date appears by their signatures on their contract). It also states that the offer was accepted on July 4, 1997 (the date that appears alongside plaintiffs' signatures on the contract).

The answer permits one of two legal conclusions, either of which supports the trial court's granting judgment on the pleadings. The document Mr. and Mrs. Brekke submitted to plaintiffs was not executed by plaintiffs in the form they received it. Either there was no contract between the Brekkes and plaintiffs because Mr. and Mrs. Brekke did not accept the change plaintiffs inserted on the document, or the Brekkes accepted a counteroffer plaintiffs tendered by executing the modified document. Acceptance of an offer which introduces new or variant terms amounts to a counter-proposition and rejection of the initial offer.

Mutuality of agreement does not exist unless there is a mutuality of assent by the parties to proposed terms for a contract. [*L.B. v. State Committee of Psychologists*, 912 S.W.2d 611, 617 (Mo.App.1995)]. When terms proposed as the basis for a contract are not accepted as presented or with certainty, there is no mutuality of agreement. *Gateway Exteriors v. Suntide Homes*, 882 S.W.2d 275, 279 (Mo.App. 1994). If essential terms are reserved for future determination, the parties have not assented to the proposed terms and no contract is formed. *Id.*

*American National Ins. Co. v. Noble Communications Co., Inc.*, 936 S.W.2d 124, 132 (Mo.App.1996).

Point I further contends factual disputes existed because the Brekkes "pled affirmative defenses and otherwise raised factual issues." Arguably, this assertion does not comply with the "wherein" requirements of Rule 84.04(d) and thereby presents nothing for appellate review. *See Murphy v. Aetna Cas. & Sur. Co.*, 955 S.W.2d 949, 950 (Mo. App.1997). It fails to identify what was before the trial court that supports the Brekkes' contention that the trial court should have denied the motion for judgment on the pleadings.

This court has nevertheless reviewed the argument related to that part of Point I for plain error. *See In Int. of S.J.G.*, 871 S.W.2d 638, 641 (Mo.App.1994). The affirmative defenses on which Mr. and Mrs. Brekke rely state:

. . .

12. Plaintiffs have failed to join a party indispensable under Rule 52.04.

13. Plaintiffs have failed to state a claim upon which relief can be granted.

14. Plaintiffs' claim is barred by the doctrine of "unclean hands."

15. Plaintiffs' claim is barred by laches.

. . .

"An affirmative defense is asserted by the *pleading of additional facts not necessary to support a plaintiff's case*

which serve to avoid the defendants' legal responsibility even though plaintiffs' [sic] allegations are sustained by the evidence." *Reinecke v. Kleinheider*, 804 S.W.2d 838, 841 (Mo.App.1991). [Emphasis added.] Bare legal conclusions, . . ., fail to inform the plaintiff of the facts relied on and, therefore, fail to further the purposes protected by Rule 55.08. *See Schimmel Fur Co. v. American Indemnity Co.*, 440 S.W.2d 932, 939 (Mo.1969) (rule requires notice of facts relied on so that opposing parties may be prepared on those issues). *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 383 (Mo. banc 1993). Mr. and Mrs. Brekke failed to plead any facts in support of their "affirmative defenses." The affirmative defenses were deficient as a matter of law. They amount only to legal conclusions without any factual basis. A motion for judgment on the pleadings does not admit the truth of facts not well pleaded by an opponent nor conclusions of law contained in an opponent's pleading. *Holt v. Story*, 642 S.W.2d 394, 396 (Mo.App.1982); *Helmkamp v. American Family Mut. Ins. Co.*, 407 S.W.2d 559, 565–66 (Mo.App.1966). Mr. and Mrs. Brekke's "affirmative defenses" raised no issue of material fact.

■ Mr. and Mrs. Brekke further argue that there is a material issue of fact as to whether the parties intended "present contract" to mean a contract between plaintiffs and the Robertsons in existence July 4, 1997, or any contract between those parties regardless of when entered into. Neither party asserted the contract between plaintiffs and Mr. and Mrs. Brekke was ambiguous. If a contract is not ambiguous, the intention of the parties is to be determined from the contract itself. *KCRE, Inc. v. Robb*, 897 S.W.2d 232, 233–34 (Mo.App.1995).

■ The court does not have the power to rewrite an unambiguous contract for the parties but construes it as written. *Gabriel v. Shelter Mut. Ins. Co.*, 897 S.W.2d 119, 120–21 (Mo.App.1995). Construction of a contract is generally a question of law. *KCRE, Inc.*, *supra*, at 233. It is resolvable on a motion for judgment on the pleadings. *Whited v. Nat. Western Life Ins. Co.*, 526 S.W.2d 364, 367 (Mo.App.1975). The trial court did not err in granting judgment on the pleadings based on "present contract" being the contract between plaintiffs and Mr. and Mrs. Robertson, a copy of which was attached to and made part of plaintiffs' first amended petition.

■ Finally, with respect to the claim that there were issues of material fact, Mr. and Mrs. Brekke argue there was no enforceable contract between plaintiffs and the Robertsons; therefore, there was no "present contract" as referred to in the document executed by them and plaintiffs. That argument fails in that the Brekkes are not parties to the contract they contend was not enforceable. As such they lack standing to question the contract between plaintiffs and Mr. and Mrs. Robertson. *Community Land Corp. v. Stuenkel*, 436 S.W.2d 11, 18 (Mo.1968). Point I is denied.

■ Point II asserts the trial court erred in granting judgment on the pleadings "before the pleadings had closed in violation of Rule 55.27(b) in that [Mr. and Mrs. Brekke's] amended counterclaim was filed on September 29, 1997 and respondents Stephens' reply to said counterclaim was not filed and was not due until October 29, 1997 but the trial court sustained the motion for judgment on the pleadings on October 20, 1997, before the pleadings had closed."

Rule 55.27(b) provides:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.

Plaintiffs' first amended petition was filed September 29, 1997. Mr. and Mrs. Brekke's first amended answer and Mr. and Mrs. Robertson's answer were filed that same date. The Brekkes' first amended answer included counterclaims seeking damages for breach of contract and specific performance of the contract. Plaintiffs filed a reply to the counterclaims October 3, 1997. They filed their motion for judgment on the pleadings September 29, 1997. It was heard and a docket entry showing it sustained was entered October 20, 1997. Judgment was entered November 7, 1997. The issues on which the motion for judgment on the pleadings was

based were framed when Mr. and Mrs. Brekke filed their first amended answer. Plaintiffs' reply provided no additional information that was relative to the motion for judgment on the pleadings. Furthermore, the motion for judgment on the pleadings was not heard and determined until October 20, 1997, 17 days after plaintiffs' reply was filed. Mr. and Mrs. Brekke were not prejudiced by the fact the motion for judgment on the pleadings was filed before plaintiffs' reply. Point II is denied.

Point III asserts the trial court erred in not ruling on Mr. and Mrs. Brekke's motion for change of venue rather than granting judgment on the pleadings. Rule 51.03 provides for a change of venue "in a civil action triable by jury." A suit to quiet title in real estate may be an action at law or in equity according to the issues presented by the pleadings. *Pipes v. Sevier*, 694 S.W.2d 918, 923 (Mo.App.1985). When equitable relief to dispel a cloud on title is integral to the relief requested, the petition invokes a court's equitable power and the right to a jury trial does not accrue. *Id.*

Plaintiffs' amended petition to quiet title sought determination that Mr. and Mrs. Brekke's claim to the property lacked validity in order to dispel the cloud the claim imposed on plaintiffs' title. It, therefore, sought equitable relief. No right to a jury trial accrued.

The filing of a counterclaim seeking damages for breach of contract does not affect the result. "[A] counterclaim at law [does not] convert an action otherwise in equity so as to vest in the counterclaimant a right to a trial by jury." *Id.* Nor does the fact that plaintiffs requested attorney fees. A right to a jury trial does not accrue merely because adjudgment of money damages are incident to an equitable action. *Id.*

> Since equity retains jurisdiction of a cause to give full relief once its power attaches, a right to a trial by jury does not accrue merely because an incident of that relief is the adjudgment of money damages.

*Id.* Point III is denied.

The motion for leave to file a notice of appeal out of time having been determined to be moot, No. 22013 is dismissed. No. 22035 is affirmed.

PREWITT, P.J., and CROW, J., concur.