Joseph CURIA, Plaintiff-Respondent,

v.

ST. LOUIS COUNTY, Missouri, Defendant-Appellant.

No. 45233.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 30, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1983.

Application to Transfer Denied Feb. 23, 1983.

Susan Pippa, Asst. County Counselor, Clayton, for defendant-appellant.

Stephen C. Murphy, Clayton, for plaintiff-respondent.

CRIST, Judge.

Action for declaratory judgment and injunction.

On October 4, 1979, plaintiff-respondent, a real estate broker, was found guilty by the St. Louis County Associate Circuit Court of violating § 717.055 SLCRO of Ordinance No. 7070 of St. Louis County in that plaintiff telephoned a county home owner and inquired as to whether owner would sell his home and if home owner would allow plaintiff to act as broker in the sale.

Plaintiff appealed this judgment to the circuit court. On July 22, 1980, the St. Louis County Circuit Court reversed plaintiff's conviction on the ground § 717.055 SLCRO violated the First Amendment of the United States Constitution. There was no appeal from this judgment.

On August 29, 1980, after the circuit court decision had become final, defendant County sent plaintiff's attorney a letter to the effect that in her opinion, the circuit court's judgment of July 22, 1980, had no precedential effect aside from the reversal of the conviction, and County was not bound by said judgment as to future violations of § 717.055 SLCRO.

In response to the letter from defendant County, on October 21, 1980, plaintiff filed a petition seeking to have § 717.055 SLCRO declared unconstitutional and for County to be enjoined from enforcing § 717.055. Plaintiff alleged as a result of defendant's letter, plaintiff was threatened with prosecution for violation of the ordinance found to be unconstitutional by the Circuit Court of St. Louis County.

Plaintiff's case was submitted, once again to the circuit court, this time on an agreed statement of facts. On November 12, 1981, a second circuit court judge issued a judgment finding plaintiff's petition moot. On December 3, 1981, the same circuit judge, who issued the judgment of mootness, entered a second judgment declaring § 717.-055 unconstitutional. The second judgment was entered without specifically revoking the first judgment and without giving the parties an opportunity to be heard as provided for in Rule 75.01.

County appeals from this second judgment. The contend the first judgment is valid and the second invalid, in that the circuit judge failed to set aside the initial judgment and failed to provide notice and an opportunity to be heard prior to the entry of the second judgment. We agree.

There were two separate and contradictory judgments. The first, not appealed from, disposed of the merits of the case by declaring the issues moot. *See State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 351 (Mo. App.1980). Because the first judgment was neither properly set aside nor appealed from, it must stand. *State ex rel. Berbiglia, Inc. v. Randall,* 423 S.W.2d 765, 769 (Mo.banc 1968).

Additionally, the second judgment cannot stand because the trial court failed to give the parties an opportunity to be heard before entering the judgment. Rule 75.01 (Amended June 10, 1980, effective January 1, 1981). Plaintiff asserts in his brief that County had an opportunity to be heard, but this is not reflected in the record and, therefore, may not be considered by this court on appeal. *Williams v. Clean Coverall Supply Co.,* 613 S.W.2d 659, 664 (Mo.App.1980).

Accordingly, the first judgment entered on November 21, 1981 is affirmed and the second judgment entered on December 3, 1981 is reversed.

CRANDALL, P.J., and REINHARD, J., concur.