**TERRE DU LAC, INC., a Corporation, Respondent,**

v.

**Damon BLACK, Assessor of St. Francois County, et al., Appellants.**

**No. 49997.**

Missouri Court of Appeals, Eastern District, Division One.

June 30, 1986.

---

1. Defendant's motion to strike plaintiff's brief    and/or to dismiss appeal is denied.

Darold E. Crotzer, Michael D. Alter, St. Louis, for appellants.

John W. Reid, II, Fredericktown, for respondent.

SNYDER, Judge.

Damon Black, the St. Francois County Assessor, and Arthur Hulsey, Clerk of the County Commission of St. Francois County, appeal from a judgment reinstating a consent judgment which had been entered and then vacated. In the consent judgment the trial court ordered that respondent be taxed on lots it owns in the Terre Du Lac Development based on a 1983 assessed valuation rather than upon an increased 1984 assessed valuation. The judgment is affirmed.

This litigation originated when respondent filed a petition to enjoin certain officials of St. Francois County from increasing respondent's 1984 lot valuations to an amount which exceeded the valuations in 1983 and from collecting taxes based on the increased valuation. The 1983 valuations were a uniform $200 per lot. The proposed increased valuations ranged from $700 per lot to $1200 per lot.

On January 18, 1985, the trial court entered a consent judgment between respondent and certain officials of St. Francois County, including appellants. The parties appeared by counsel, with the St. Francois County Prosecuting Attorney representing the officials pursuant to § 56.060 RSMo. 1978.

Appellants, maintaining that they had not been informed or consented to the judgment of January 18, 1985, filed a motion to vacate the consent judgment on Thursday, February 14, 1985. The next day, on Friday, February 15, 1985, without notice to any of the parties, the trial court set aside the consent judgment.

The trial court acknowledged that it took up the motion without notice and gave as its reason that the thirty day period during which the court has control of its judgments pursuant to Rule 75.01 expired either the following Monday or Tuesday, because Monday was a holiday. (The thirtieth day, properly calculated, extended to

Tuesday because of the legal holiday on Monday. Rule 44.01(a)).

Respondent then filed a motion to reinstate the consent judgment on February 21, 1985, alleging that respondent was entitled to notice and hearing prior to the trial court's setting the judgment aside. The trial court agreed and granted respondent's motion to reinstate. This appeal ensued.

A preliminary question concerning the attorneys who are representing appellants must be decided. This requires a short history of the case. The injunction suit was originally filed by Terre Du Lac, Inc., the respondent here. The consent judgment was ordered, set aside, and then reinstated. The defendants, including the two appellants, the county assessor and the clerk of the county commission, were then represented by the Prosecuting Attorney of St. Francois County, as prescribed by § 56.060 RSMo.1978, who consented to the initial judgment.

The law firm of Steinberg and Crotzer by Darold E. Crotzer, Jr., then filed a motion to intervene on behalf of the North St. Francois County R–1 School District and the West St. Francois County R–3 School District. These new attorneys at the same time filed a motion to vacate the consent judgment and dismiss the respondent's petition.

No formal entry of appearance on behalf of appellants Black and Hulsey was ever filed by Steinberg and Crotzer, nor was a withdrawal filed by the prosecuting attorney. Section 56.060 RSMo.1978 prescribes that the prosecuting attorney shall represent the county in all civil matters. In fact, the prosecuting attorney here filed a motion to dismiss or, in the alternative, for summary judgment, purportedly on behalf of appellants Black and Hulsey, on February 26, 1985, fourteen days after Steinberg and Crotzer had attempted to represent these appellants in the motion to vacate the consent judgment and to dismiss the petition, which the two appellants had signed.

Finally, on April 15, 1985, the trial court reinstated the consent judgment. In its order the court recognized that appellants Black and Hulsey were represented by additional counsel Darold E. Crotzer, Jr., who also represented the school boards which sought to intervene. In that order the court denied the school boards' motion to intervene, and also the motions to dismiss and for summary judgment.

The trial court having recognized the representation of appellants Black and Hulsey by additional counsel Darold E. Crotzer, Jr., this court will rule on the merits of the appeal, although some question remains whether the Prosecuting Attorney of St. Francois County should be representing the county officials in their appeal from the trial court judgment pursuant to § 56.060 RSMo.1978.

In appellants' sole point on appeal they contend the trial court's reinstatement of the consent judgment was erroneous because the notice to respondent of the earlier setting aside of the judgment was reasonable under the circumstances.

Rule 75.01 provides that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Under Rule 81.05(a) a judgment becomes final at the expiration of thirty days after the entry of such judgment if no authorized after-trial motions are timely filed.

■ A motion to set aside a decree or a motion for a new trial filed later than fifteen days after the entry of the decree is no more than a mere suggestion to the trial court that it exercise its discretion to set aside the decree within the thirty days that the court normally retains jurisdiction over its judgments. *Chatman v. Civic Center Corp.*, 682 S.W.2d 31, 32 (Mo.App.1984). Because the appellant's motion to vacate was filed later than fifteen days from the entry of the consent judgment, the motion was merely a suggestion to the trial court to exercise its discretion and vacate the consent judgment.

■ The trial court retained control over its judgment for thirty days under Rule 75.01, but its power to alter its judgment within that time is not unfettered. Prior to 1981, case law held that the due process elements of notice and an opportunity to be heard were required in a situation where a party is adversely affected by the court's action under Rule 75.01. *Caldwell Paint Mfg. Co. v. LeBeau,* 591 S.W.2d 1, 5 (Mo. App.1979).

In 1980, Rule 75.01 was modified to require expressly an opportunity to be heard by adding the phrase "after giving the parties an opportunity to be heard and for good cause" in the first sentence of the rule, effective 1981. Thus, although the trial court retains control for thirty days after entry of judgment and may amend it, Rule 75.01, reasonable notice and an opportunity to be heard must be given to the party or parties affected by the court's intended action. *Dixon v. Bi-State Development Agency,* 636 S.W.2d 696, 698[1] (Mo.App.1982).

The requirements of "reasonable notice" are flexible and whether it has been given in a particular case depends upon the facts in that case. *State ex rel. Stoffer v. Moore,* 628 S.W.2d 637, 644 (Mo. banc 1982). "Reasonable notice" is that which is "suitable to the case" or "such notice or information of a fact as may fairly and properly be expected or required in the particular circumstances." *Id.* The purpose of such notice is that "the party to be affected adversely may appear for his own protection and to afford opportunity for a litigant to present his views as to matters instantly before the court which may affect his rights." *Id.*

Appellants argue that respondent had an opportunity to be heard because the motion to vacate was hand-delivered to respondent the day they filed their motion with the court. Appellants argue further that respondent, after receiving the notice, and presumably aware of the time limitations facing the trial court, did not contact the trial court to request a hearing on the matters raised in the motion.

■ Attorney for respondent received a ten page unsigned document captioned "Motion to Vacate Judgment by Consent of All Parties and to Dismiss the Petition of Terre DuLac, Inc." which was hand-delivered to its office on February 14, 1985. The attorney who delivered the documents, however, did not ever identify himself as appellants' attorney. The required reasonable notice was not given under these circumstances.

■ Respondent in fact had no notice that the court was going to take up the motion, much less an opportunity to present its views and protect its rights. Appellants, not respondent, had the burden to set the motion to vacate for a hearing within the time restriction. The notice respondent had of the filing of appellant's motion was insufficient to comply with the notice requirements of Rule 75.01.

Because the trial court failed to give the parties an opportunity to be heard before vacating the consent judgment, the consent judgment was improperly set aside. Because it was neither properly set aside nor appealed from, the consent judgment must remain in force. *Accord Curia v. St. Louis County,* 645 S.W.2d 137, 138 (Mo. App.1982).

Respondent's motion to dismiss the appeal which was taken with the case is denied. The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.