STATE of Missouri, ex rel., Robert and Jennet RIGGS, Relators,

v.

Hon. Thomas CLARK, Respondent.

No. WD 57641.

Missouri Court of Appeals, Western District.

April 4, 2000.

Gerard Eftink, Raymore, for relator.

Alan B. Gallas, Kansas City, for respondent.

Before: Presiding Judge LOWENSTEIN, Judge SMART and Judge HOWARD.

LOWENSTEIN, Presiding Judge.

This court previously entered an alternative rule in mandamus and prohibition relating to the trial court setting aside an offer and acceptance of judgment entered into by parties in their underlying lawsuit. Rule 77.04.[1] Relators Robert and Jennet Riggs are involved in a pending action against Ford Motor Company, Ford Motor Credit Company and Bob Sight Ford, Inc. (the "Defendants"), before Circuit Judge Thomas Clark ("Respondent"). Relators brought that claim for damages against Defendants after experiencing mechanical difficulty with the Ford Explorer that Relators leased from Ford.

On June 25, 1999, Defendants made to Relators, under Rule 77.04, a written offer of judgment in the amount of $6,000.00, and filed the offer with the court. Relators accepted the offer of judgment and on June 29, 1999, filed an acceptance with the court. However, the court never entered judgment on the offer and acceptance. On July 2, 1999, Defendants filed a "Motion to Vacate the Offer and Acceptance of Judgment."[2] After receiving briefs from the parties and hearing oral arguments, Respondent issued an order sustaining Defendants' motion, finding there was "no clear understanding by counsel or the parties respecting the terms of the Offer and Acceptance of Judgment." Thereafter,

---

1. Rule 77.04 reads, "At any time more than thirty days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party ... If within ten days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon judgment shall be entered ..."

2. Defendants faxed a letter to Relators on the day Relators filed their acceptance to Defendants' offer with the court. In that letter, Defendants claimed that their $6,000 offer of judgment did not take into account the $4,149.18 deficiency due Ford Motor Credit Company by Relators on their lease. Defendants wrote that after the set off, Relators were owed $1,954.62. After Relators replied, claiming there was no set off allowed for in the agreement, Defendants filed their motion to vacate the offer of judgment and acceptance.

Relators filed a petition for a writ in mandamus and/or prohibition with this court claiming Respondent had no jurisdiction to vacate an offer of judgment once accepted.

In their petition, Relators assert Respondent had no authority to vacate the offer and acceptance of judgment because under the language of Rule 77.04, once an offer is accepted the court "shall" enter judgment. Respondent, on the other hand, asserts the vacation of the offer was within his jurisdiction because the court retains control to vacate judgments pursuant to Rules 73.01 and 75.01.

■ Each party here submits an argument inapplicable to the fact pattern before this court. The problem in this case is that, after Defendants' offer of judgment and Relators' acceptance were filed with the trial court, the court never entered a final judgment to be acted upon under Rules 73.01 or 75.01. Rule 77.04, in pertinent part, reads:

> [A] party defending against a claim may serve upon the adverse party an offer to allow judgment ... If ... the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon judgment *shall* be entered.

Emphasis added. The language of Rule 77.04 leaves no discretion with the trial court as to whether or not to enter judgment after an offer and acceptance of judgment. "Rule 77.04 was designed simply to permit a defendant to avoid court costs by making an offer of judgment which, if accepted, *would result* in a consent judgment." *Katz Drug Co. v. Commercial Standard Ins. Co.*, 647 S.W.2d 831, 840 (Mo.App.1983) (citations therein omitted, emphasis added). Relators are correct in their assertion that the trial court was required to enter judgment upon the offer of judgment and acceptance. However, Relators attempt to argue that because Rule 77.04 requires the court to enter judgment after an offer and acceptance, that the court had no jurisdiction to ever vacate that judgment after its entry. This argument, in addition to being incorrect,[3] is irrelevant to these proceedings since here no judgment has been entered by the trial court.

■ Additionally, Respondent's argument that the trial court retains jurisdiction to vacate a consent judgment under Rules 73.01 and 75.01 is also irrelevant to these proceedings. Rule 73.01(a)(5) reads, "[t]he trial court shall have the authority to amend or modify any *judgment* ..." Emphasis added. Rule 75.01reads, "[t]he trial court retains control over judgments during the thirty-day period after *entry of judgment* and may ... for good cause, vacate ... its judgment within that time." Emphasis added. Again, neither of these rules is applicable to the facts before this court because judgment has not yet been entered by the trial court.[4]

Under Rule 77.04, the trial court judge was required to enter judgment after the parties filed their offer of judgment and acceptance thereto. This the trial court failed to do. The Respondent is prohibited from enforcing his order setting aside the offer of judgment. The court shall enter a judgment in accordance with the agreed upon offer.

All concur.

---

**3.** See *Terre Du Lac, Inc. v. Black*, 713 S.W.2d 18 (Mo.App.1986) in which the court held that a trial court retains control over consent judgments for 30 days after entry under Rule 75.01.

**4.** Again, see *Terre Du Lac,* supra. The trial court does retain jurisdiction over a consent judgment for 30 days under Rule 75.01, however this rule is applicable only after an actual entry of judgment.