Paula K. CALDWELL and Marjorie
L. Roberts, Appellants,

v.

HERITAGE HOUSE REALTY,
INC., et al., Defendants,

Bobby E. Rogers and Patricia
Rogers, Respondents.

No. WD 58011.

Missouri Court of Appeals,
Western District.

Dec. 5, 2000.

Brian J. Niceswanger, Overland Park, KS, for Appellants.

William J. Gotfredson and Theresa Shean Hall, Kansas City, for Respondents.

Before EDWIN H. SMITH, P.J., and ULRICH and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

Paula K. Caldwell and Marjorie L. Roberts appeal from the judgment of the Circuit Court of Adair County denying their application for attorney's fees and supplemental application for court costs arising out of a dispute between the appellants and the respondents, Bobby E. and Patricia A. Rogers, over the sale of the respondents' house to the appellants.

The appellants raise two points on appeal. In Point I, they claim that the circuit court erred in denying their application for attorney's fees, after they had purportedly accepted the respondents' Rule 77.04 [1] offer of judgment for $70,000 and costs, "because Missouri courts must enforce a contractual provision providing for attorney fees as written and [appellants] satisfied all contractual requirements for the award of attorney fees." In Point II, they make the identical claim only as to their supplemental application for court costs.

We dismiss for a lack of jurisdiction.

---

1. All rule references are to the Missouri Rules of Civil Procedure (1999), unless otherwise indicated.

## Facts

On or about August 29, 1995, the appellants entered into a real estate contract with the respondents to purchase the respondents' house located in Adair County, Missouri. The contract contained an express provision for the recovery of attorney's fees and court costs by the prevailing party in any dispute arising out of the contract.

After purchasing the house, the appellants discovered that it was infested with termites. Consequently, on May 9, 1997, they filed suit in the Circuit Court of Adair County, Missouri, against the respondents and Heritage House Realty, Inc., the realtor who helped the respondents sell the house; Vicki Benson, Anita James, and Kenneth Read, the real estate agents involved in the sale; Charles Hayes, the owner of ABAN Pest Control Co., and Robert Tilinski, both of whom inspected the home for termites prior to the appellants' purchase. The appellants sought to recover actual damages in excess of $225,000, as well as punitive damages, attorney's fees, and costs on several theories. On June 4, 1997, the respondents filed their answer to the appellants' petition. The appellants dismissed with prejudice their claims against ABAN and Tilinski on March 22, 1999. On October 8, 1999, after extensive discovery, the respondents made an offer of judgment for "$70,000, along with costs thus far accrued," pursuant to Rule 77.04. The appellants' claims against Heritage House, Benson, James, and Read were dismissed with prejudice on November 19, 1999. The appellants filed a notice of acceptance on October 18, 1999.

On October 22, 1999, the appellants filed an "Application and/or Motion for Attorneys' Fees as Prevailing Party." In their application, they alleged that the offer of judgment for $70,000 and costs was silent as to the award of attorney's fees to a prevailing party as provided in the parties' contract, and, thus, under general principles of contract law, requiring the court to construe the offer of judgment against the respondents who drafted it, they were entitled to an award of attorney's fees in addition to the $70,000. On November 4, 1999, the respondents filed their "Suggestions in Opposition to Plaintiffs' Application and/or Motion for Attorneys' Fees as Prevailing Party," arguing that the offer of judgment for $70,000 was in satisfaction of all claims, including attorney's fees. The circuit court heard the appellants' application for attorney's fees on November 12, 1999. On November 15, 1999, the circuit court overruled the appellants' application for attorney's fees.

On November 30, 1999, the appellants filed a "Supplemental Application for Court Costs as Prevailing Party," asking the court to make a determination as to the allowable costs under the offer of judgment. The application included an itemization of costs in the amount of $5,470.67, which amount appeared to be solely for costs incurred in connection with moving from the infested home. On December 3, 1999, the respondents filed their "Suggestions in Opposition" to this motion. On December 10, 1999, the circuit court overruled the appellants' application for court costs and entered judgment in favor of the appellants and against the respondents pursuant to the offer of judgment in the amount of $70,000 plus costs accrued in the action to October 18, 1999.

This appeal follows.

## Standard of Review

■ "Rule 77.04 was designed simply to permit a defendant to avoid court costs by making an offer of judgment which, if accepted, would result in a consent judgment." *Katz Drug Co. v. Commercial Standard Ins.*, 647 S.W.2d 831, 840 (Mo. App.1983) (*citing Miller v. United Sec. Ins.*, 496 S.W.2d 871, 876 (Mo.App.1973); *Fritzsche v. E. Tex. Motor Freight Lines*, 405 S.W.2d 541, 544 (Mo.App.1966)). A consent judgment is contractual in nature; thus, to the extent that a consent judgment requires interpretation, rules govern-

ing the interpretation of contracts apply. *Boillot v. Conyer,* 887 S.W.2d 761, 763 (Mo.App.1994). Questions of contract interpretation are questions of law, *Legg v. Certain Underwriters at Lloyd's of London,* 18 S.W.3d 379, 383 (Mo.App.1999), and are reviewed *de novo* by this court. *Wildflower Cmty. Ass'n v. Rinderknecht,* 25 S.W.3d 530, 534 (Mo.App.2000). Hence, given the fact that the instant appeal raises a question of interpretation of the Rule 77.04 judgment entered by the circuit court, our review is *de novo.*

## I.

In Point I, the appellants claim that the circuit court erred in overruling their application for attorney's fees, after they had purportedly accepted the respondents' Rule 77.04 offer of judgment, "because courts must enforce contractual provisions relating to an award of attorney's fees as written, and they had satisfied all of the contractual requirements for such an award." Specifically, the appellants contend that they were entitled to an amount, in addition to the $70,000, for attorney's fees in that:

> (1) the contract between [appellants] and [respondents] mandated an award of attorneys' fees to the party prevailing in litigation; (2) [appellants] were the prevailing parties in the litigation; and (3) [respondents'] offer of judgment did not address or eliminate [their] obligation to pay attorney fees pursuant to the express terms of the contract between [the parties].

There is no dispute on appeal that the parties' real estate contract provided for an award of attorney's fees to the prevailing party, and that the appellants prevailed under the Rule 77.04 judgment entered by the circuit court. However, there is a dispute as to whether the respondents' offer of judgment for $70,000 included an amount in payment of attorney's fees and as such satisfied the appellants' claim for the same. As to this dispute, the appellants argue that the offer of judgment for

$70,000 and costs was silent as to the award of attorney's fees, as provided in the parties' contract; thus, under general principles of contract law, requiring the court to construe the offer of judgment against the respondents who drafted it, they were entitled to an award of attorney's fees in addition to the $70,000. Accordingly, the issue raised by the appellants in their first point is whether the respondents' offer of judgment should have been interpreted by the circuit court as requiring a payment in excess of the $70,000 for attorney's fees.

■■■ The appellants' claim in this point necessarily assumes that there was an offer of judgment by the respondents and an acceptance by the appellants, all in accordance with Rule 77.04. Rule 77.04 reads:

> At any time more than thirty days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within ten days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon judgment shall be entered. If the offer is not accepted within ten days it shall be deemed withdrawn and evidence thereof is not admissible. If the adverse party fails to obtain a judgment more favorable than that offered, that party shall not recover costs in the circuit court from the time of the offer but shall pay costs from that time.

If an offer of judgment is made and accepted in accordance with Rule 77.04, the circuit court must enter a judgment thereon. *State ex rel. Riggs v. Clark,* 14 S.W.3d 719, 721 (Mo.App.2000). Conversely, logic would dictate that if the offer is not made and accepted in accordance with Rule 77.04, the trial court would lack authority to enter judgment pursuant to the rule.

As such, in our case, if the respondents' offer of judgment and the appellants' acceptance of the same were not done in accordance with Rule 77.04, then the circuit court would not have been authorized to enter its Rule 77.04 judgment. Thus the judgment, unless otherwise valid as a consent judgment outside the rule, which we discuss, *infra*, would have been void *ab initio* rendering it a nullity, *see Williams v. Williams*, 950 S.W.2d 919, 924 (Mo.App. 1997) (stating that a judgment which is void from its inception is a nullity), depriving us of jurisdiction as to the merits of the claims on appeal. *Sumnicht v. Sackman*, 968 S.W.2d 171, 174 (Mo.App.1998). Accordingly, because we are to determine *sua sponte* our own jurisdiction, *id.* at 174, before addressing the merits of the appellants' claim, we must first determine whether there was a valid offer of judgment and acceptance in accordance with Rule 77.04.

A review of the record indicates that, in accordance with Rule 77.04, the respondents made their offer of judgment more than thirty days prior to trial. It read:

> Pursuant to Rule 77.04 of the Missouri Rules of Civil Procedure, Separate Defendants Bob and Patty Rogers offer entry of judgment against them for all claims alleged against them [*sic* ] Plaintiffs' Petition, and as thereafter amended, in the amount of $70,000.00, along with *costs thus far accrued* and request that Plaintiffs accept said offer of judgment within the time and in the manner specified by Rule 77.04.

(Emphasis added.) Thereafter, the appellants purportedly accepted this offer within ten days after its service, as required by Rule 77.04. The appellants' notice of acceptance stated:

> Come now the plaintiffs, pursuant to Mo.R.Civ.P. 77.04, and hereby serve notice of their acceptance of the offer of judgment in the amount of $70,000, together with *costs accrued in the action to the date of judgment.*

(Emphasis added.) A careful reading of the appellants' acceptance indicates that they were not accepting all the terms of the respondents' offer. Rather, they sought to vary the terms thereof by stating that they would accept an offer of judgment which included "costs accrued in the action to the date of judgment," rather than the respondents' offer which included "costs thus far accrued." As we discuss, *infra*, this deprived the trial court of the authority to enter its Rule 77.04 judgment.

■ Although Rule 77.04 does not define acceptance, because a judgment entered pursuant thereto is contractual in nature, *Boillot*, 887 S.W.2d at 763, an acceptance under the rule, as in the creation of any binding contract, must logically mirror the material terms of the offer; otherwise it would be a counteroffer, rather than an acceptance. *Beck v. Shrum*, 18 S.W.3d 8, 10 (Mo.App.2000); *L.B. v. State Comm. of Psychologists*, 912 S.W.2d 611, 617 (Mo.App.1995). "Acceptance of an offer which introduces new or variant terms amounts to a counterproposition and rejection of the initial offer." *Stephens v. Brekke*, 977 S.W.2d 87, 93 (Mo.App.1998). Because the very purpose of Rule 77.04 is to allow a defending party to limit its liability for costs, *Katz*, 647 S.W.2d at 840, it cannot be said that the variance of the appellants' acceptance with respect to what costs were to be included in the judgment was not material such that the variance did not work to invalidate the appellants' acceptance. *See Howard Constr. Co. v. Jeff–Cole Quarries, Inc.*, 669 S.W.2d 221, 229 (Mo.App.1983) (holding that a purported acceptance altering material terms of an offer is a counteroffer).

■ Inasmuch as there was not a valid acceptance of the respondents' offer of judgment within the ten days after the service thereof pursuant to Rule 77.04, the respondents' offer was "deemed withdrawn," and the circuit court was not authorized to enter a judgment based on the rule. Therefore, the judgment entered by the court was a nullity as a Rule 77.04

judgment, *Williams,* 950 S.W.2d at 924, such that we would have no jurisdiction to review the merits of the appellants' appeal in that there would be no final and appealable judgment, unless the trial court's judgment was otherwise proper as a consent judgment outside the rule. *Sumnicht,* 968 S.W.2d at 174.

■ It is well settled that we are to affirm the trial court's decision on any reasonable theory supported by substantial evidence in the record. *M.F.M. v. J.O.M.,* 889 S.W.2d 944, 954 (Mo.App. 1995). In that regard, an argument conceivably could be made that, even though the circuit court's judgment was not authorized under Rule 77.04, it was otherwise authorized as a consent judgment. Such an argument would be premised on a contention that, although the respondents' offer of judgment was deemed withdrawn for purposes of Rule 77.04, at the time of the hearing on the appellants' application for attorney's fees, the respondents were still offering to consent to judgment for $70,000 and costs accrued to date; which offer the appellants, in effect, accepted by their acquiescence to the court's entering judgment against them, which we discuss, *infra.* However, the record clearly reflects that the only judgment to which the appellants consented was a Rule 77.04 judgment based on their belief that the issue of whether or not the judgment for $70,000 included an amount for attorney's fees was subject to appeal.

■ For there to have been a consent judgment outside Rule 77.04, there must have been an agreement between the parties on the precise terms of the judgment to be entered. *St. Louis Police Officers' Ass'n v. Bd. of Police Comm'rs,* 846 S.W.2d 732, 739 (Mo.App.1992) (*citing Firefighters v. Cleveland,* 478 U.S. 501, 522, 106 S.Ct. 3063, 3075, 92 L.Ed.2d 405, 423 (1986)). "Mutuality of agreement does not exist unless there is a mutuality of assent by the parties to the proposed terms for a contract." *Stephens,* 977 S.W.2d at 93 (citation omitted). "Indeed, it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all." *Firefighters,* 478 U.S. at 522, 106 S.Ct. at 3075, 92 L.Ed.2d at 423. The record indicates that there was no such agreement.

At the hearing on the appellants' application for attorney's fees, which was conducted prior to the circuit court's entering its Rule 77.04 judgment, the court advised counsel for the parties on the record that, despite the purported Rule 77.04 offer and acceptance of the parties, it was obvious to the court that there was no agreement between them as to whether the respondents' Rule 77.04 offer of $70,000 included payment of attorney's fees. As such, the court offered the appellants two choices: (1) withdraw their acceptance and proceed to trial, or (2) "*accept the judgment* and live with my ruling that it . . . does include the attorney's fees."[2] The court further advised that if the appellants chose the latter option, *accepting* the Rule 77.04 judgment, it was the court's opinion that they would be precluded from attacking the judgment on appeal as to the issue of whether it included an amount in satisfaction of the appellants' claim for attorney's fees.

The appellants' counsel, having requested of and received from the court an opportunity to discuss the court's forced options with his clients who were not at the hearing, sent a letter, post-hearing, advising the court of his clients' decision and the basis for the same. Despite having been forewarned that, in accepting or acquiescing to the court's entry of a Rule

---

2. The record would indicate that the respondents were not agreeing to allow the appellants to withdraw their Rule 77.04 acceptance. To the contrary, it appears that the respondents were insisting, as were the appellants, that the parties were bound by their Rule 77.04 offer and acceptance, and that the court was obligated to enter a judgment thereon. The disagreement was over how such a judgment should be interpreted with respect to the appellants' claim for attorney's fees.

77.04 judgment, the court would deny their application for attorney's fees, appellants' counsel nonetheless advised that the appellants were refusing to withdraw their acceptance in that they believed that the parties were bound by their Rule 77.04 offer and acceptance, and thus, the court, as a matter of law, was required to enter a Rule 77.04 judgment thereon. At first blush this might seem contrary to the appellants' interests given the court's warning that in entering its judgment it would overrule their application for a determination of attorney's fees. However, it was the appellants' belief that, under the parties' Rule 77.04 offer and acceptance, and the judgment entered thereon, they were due an amount in excess of $70,000 to satisfy their claim for attorney's fees and that, as a matter of law, the court, in ruling on the appellants' application for the same, was required to interpret the offer and acceptance, and judgment thereon in that fashion. Based on this belief and the belief that the denial by the court of the appellants' application for attorney's fees would be subject to a successful attack on appeal and that they were in no way agreeing that they were not entitled to an additional amount for attorney's fees, the appellants determined that insisting on the court's entry of a Rule 77.04 judgment best served their interests. The appellants' acquiescence in the court's entering its Rule 77.04 judgment, however, could in no way be interpreted as the appellants consenting to a judgment outside the requirements of Rule 77.04 in that to do so would mean that they were agreeing with the respondents' and the court's then position that the respondents' offer of $70,000 was in payment of all claims, including the appellants' claim for attorney's fees, a position with which the appellants vehemently disagreed.

From the record, it is obvious that at the time of the hearing on the appellants' application for attorney's fees, after the Rule 77.04 offer was deemed to have been withdrawn, the parties were not in agreement on the total amount to be paid to the appellants to satisfy their claims, including their claim for attorney's fees. As such, at the time the court entered its judgment, there was not an agreement between the parties with respect to the terms of a consent judgment not governed by Rule 77.04, such that the circuit court lacked any authority to enter a consent judgment. *Firefighters,* 478 U.S. at 522, 106 S.Ct. at 3075, 92 L.Ed.2d at 423. The respondents never made an offer which was acceptable to the appellants to form the basis for a consent judgment outside Rule 77.04 in that the record reflects a disagreement over whether the $70,000 was in payment of attorney's fees. As a matter of legal strategy, the only consent to judgment given by the appellants was for the trial court to enter a Rule 77.04 judgment premised on their belief that it would be ultimately interpreted on appeal as providing for an amount in excess of $70,000 to satisfy their claim for attorney's fees. Hence, an argument that even if the court lacked authority to enter its Rule 77.04 judgment, rendering it a nullity, as we determined, *supra,* consent judgment was authorized, is without merit.

For the reasons stated, we find that the circuit court lacked authority to enter judgment pursuant to Rule 77.04 or pursuant to the consent of the parties, requiring us to dismiss for lack of a final appealable judgment.

Given our disposition of the appellants' claim in Point I, we necessarily do not address their claim in Point II.

## Conclusion

The appeal from the circuit court's denial of the appellants' application for attorney's fees and supplemental application for court costs is dismissed for a lack of jurisdiction.

ULRICH and ELLIS, JJ., concur.