

# In the Missouri Court of Appeals
# Eastern District

**DIVISION ONE**

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | No. ED110511 |
| | ) | |
| LESLIE E. CHEEK, | ) | |
| | ) | |
| Petitioner – Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| v. | ) | |
| | ) | |
| KEVIN R. CHEEK, | ) | |
| | ) | |
| Respondent – Appellant, | ) | Honorable Joseph A. Rathert |
| | ) | |
| v. | ) | |
| | ) | |
| KALEB CHEEK, | ) | |
| | ) | |
| Third-Party Respondent. | ) | FILED: June 6, 2023 |

Before Angela T. Quigless, P.J.; Sherri B. Sullivan, J., and Robert M. Clayton, III, J.

PER CURIAM.

Husband Kevin Cheek appeals the circuit court's judgment dissolving his marriage to Wife Leslie Cheek. Husband alleges four points of circuit court error – all having to do with the circuit court's division of marital property. Because the circuit court erred in awarding Wife a real estate commission contrary to the parties' consent agreement, we grant Husband's first point. We reverse the circuit court's judgment regarding that award and remand the cause to the circuit court. We

deny Husband's remaining three points and affirm the trial court's judgment with respect to those points pursuant to Rule 84.16(b).[1, 2]

**Factual and Procedural Background**

Facts relevant to the point discussed in this opinion are as follows: Husband and Wife were married on June 25, 1994. They separated in March of 2017. Wife filed her dissolution petition in August of 2017. Husband filed his petition in October of 2017. Trial was held four years later, in October of 2021.

During the pendency of dissolution proceedings, Husband and Wife entered into an agreement to sell the marital home and a parcel of vacant land in Branson, Missouri. Wife, who is a real estate agent, handled both sales. The circuit court entered two separate consent judgments concerning this agreement. The first, entered April 2, 2019, dealt exclusively with the sale of the Branson property, and expressly noted the parties had agreed that Wife be allowed to list the property. The consent judgment further provided, in relevant part, that Wife:

> … has agreed that she **will receive no commission on the listing side**….

---

[1] Husband's remaining points allege the circuit court erred in: (1) its calculations of what monies Husband should receive from Wife's IRA; (2) ordering Husband to reimburse Wife for certain marital expenses; and (3) mischaracterizing two parcels of real estate as marital property and in not considering the value of another property awarded to Wife when dividing marital property. We have reviewed Husband's points and find the claims to be without merit. No error of law occurs. An extended opinion as to these points, reciting the detailed facts and restating the applicable principles of law would serve no jurisprudential or precedential purpose. We have, however, furnished the parties with a memorandum, for their information only, setting forth the reasons for our decision. Rule 84.16(b)(1)&(5).

[2] We deny Wife's motion to dismiss, or in the alternative, strike Husband's brief for failure to comply with Rule 84.04(d). Husband's points are not the model of clarity, and his points do not comply with the format required by Rule 84.04(d). Points that do not comply with Rule 84.04(d) preserve nothing for review. *Kansas City Area Transportation Auth. v. Donovan*, 601 S.W.3d 262, 274 (Mo. App. W.D. 2020). Husband also failed to include a statement describing whether his claimed errors were preserved for appellate review, and if so, how they were preserved, as required by Rule 84.04(e). However, "we prefer to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief." *Carruthers v. Serenity Mem'l Funeral & Cremation Serv., LLC*, 576 S.W.3d 301, 305 (Mo. App. E.D. 2019)(internal quotation omitted). The deficiencies in Husband's brief do not impede our ability to address the merits of his claims. Thus, we are able to resolve this appeal without improperly becoming his advocate. Hence, we deny Wife's calls to dismiss this appeal, and have elected to exercise our discretion to review the merits of Husband's points *ex gratia*. We "cautiously exercise this discretion because each time we review a noncompliant brief ex gratia, we send an implicit message that substandard briefing is acceptable. It is not." *Id.* at 305-06 (internal quotation omitted).

(Emphasis added). The second consent judgment, entered December 13, 2019, dealt with the sale of both the marital home and the Branson property. This December consent agreement did not mention or describe any commission agreements between the parties. Two days prior to this December consent judgment, however, Wife filed a motion to compel Husband's signature on the sale contract for the marital home.[3] In that motion, Wife reiterated the agreement, under oath, that:

> …the marital home sale is arranged **with no broker fees**, although all work to sell said home was done by Wife, who is a real estate agent. Fees for her services would have approximated $34,000, but **Wife has waived any broker fees for this transaction**, thereby saving Husband approximately $17,000.

(Emphases added). This motion was admitted into evidence at trial. The properties were sold as agreed to by the parties.

The circuit court, in entering judgment, found that Wife did not receive a commission for her work in selling the two properties, and that that she had not waived her right to receive a commission awarded by the court. The court then found:

> … that a reasonable commission for her [Wife's] work selling these properties is 5% ($28,250) of the sale price of $565,000 (for the marital home) and 5% ($8,735) of the sale price of $174,704 (for the land in Branson), totaling $36,984 in total commission. **Respondent [Husband] owes to the Petitioner [Wife] the sum of $18,493, which is ½ of the commission price**.

(Emphases added).

Husband alleges the circuit court committed reversible error, misapplied the law, and abused its discretion in awarding Wife a real estate commission, contrary to the parties' agreement. He argues the circuit court changed the terms of the contractual consent agreement between the parties without the parties' consent. Husband's point has merit.

---

[3] The sale of the marital home was scheduled to close on December 17, 2019.

## Standard of Review

In this court-tried case, this Court may reverse the circuit court's judgment if there is no substantial evidence to support it, or the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "A consent judgment is contractual in nature; thus to the extent that a consent judgment requires interpretation, rules governing the interpretation of contracts apply." *Caldwell v. Heritage House Realty, Inc.*, 32 S.W.3d 773, 775-76 (Mo. App. W.D. 2000). Questions of contract interpretation are questions of law, and are reviewed *de novo* by this Court. *Id*. at 776. The cardinal rule in interpreting a contract is to ascertain the intent of the parties and to give effect to that intent. *McGuire v. Lindsay*, 496 S.W.3d 599, 607 (Mo. App. E.D. 2016). As with all questions of contract interpretation, this Court first attempts to ascertain the intent of the parties by looking at the words of the contract, giving those words their plain, ordinary, and usual meaning. *Belton Chopper 58, LLC v. N. Cass Dev., LLC*, 496 S.W.3d 529, 532 (Mo. App. W.D. 2016)(internal quotation omitted). We determine the parties' intent based upon the contract language alone unless its terms are ambiguous. *Id*. Terms are ambiguous when, in the context of the entire agreement, the term is reasonably susceptible to more than one construction. *McGuire*, 496 S.W.3d at 607. "Where a contract is clear and unambiguous, the Court may not supply additional terms. *Id*. Nor may the Court go outside the agreement and make a new contract for the parties." *Id*. Instead, we are to apply the agreement as written. *Id*.

## Discussion

Parties to a dissolution proceeding may contract regarding their property. *Tracy v. Tracy*, 205 S.W.2d 947, 948 (Mo. App. 1947). The circuit court approved and adopted the parties' agreement when it entered its consent judgment. *Id*. The circuit court could not thereafter amend

4

or modify that consent judgment and agreement except by consent of the parties to the agreement. *Id*.

The consent agreement here is clear and unambiguous regarding Wife's commission. The parties agreed Wife would receive no commission on the listing side for the sale of the Branson property. The parties have not directed us to and we do not find in the record where that agreement was changed by consent of the parties. Accordingly, the circuit court erred in awarding Wife a commission for the sale of the Branson property.

Further, Wife by her affirmation clearly waived broker's fees for the sale of the marital home. Waiver is the intentional relinquishment of a known right. *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 386-87 (Mo. banc 1989). Here, though the December consent agreement was silent regarding a commission, Wife's statement, under oath, in her motion memorialized the intent of the parties regarding a commission on the sale of the marital home and was an intentional relinquishment of her right to a commission. Wife clearly and unequivocally stated there was an agreement, that fees for her services would have approximated $34,000 but that she waived any broker fees for the transaction, saving Husband approximately $17,000. Accordingly, the circuit court erred in awarding Wife a commission for the sale of the marital home.

On appeal, Wife argues that the agreement mentioned only a "listing" commission, and that there would have been no reason to preface the term "commission" with the term "listing" if *any* commission was to be barred. Wife contends the circuit court "clearly calculated a commission to be earned by a buyer's agent." Wife argues she not only listed the property but obtained the buyer as well.

5

The circuit court's ruling cannot reasonably be read as awarding a buyer's commission, as Wife suggests. The circuit court in its judgment specifically stated that the commission was for Wife's work "in selling" the properties.

Wife's argument also lacks support in the record. Wife has not directed us to any evidence in the record that supports her argument. Wife was required to provide citations to the record, even as the respondent on appeal. Rule 84.04(e)&(f). We find nowhere in the transcript or record where Wife requested, or argued she was due a commission as a buyer's agent on either property. Nor do we find where Wife acted in the capacity of a buyer's agent. Notably, Branson was an unsolicited offer to purchase the property. When asked what she did to sell the Branson property, Wife answered:

> The neighbors. I don't know how this guy honestly got my number, but he did. A gentleman called me and offered to buy it for cash. He was only going to pay a certain amount and there [were] no Realtor fees and he would even pay our title fees.

To read the circuit court's judgment as awarding a buyer's commission would be inconsistent with the substantial evidence before the court. We find the commission awarded by the circuit court was for Wife's services as a listing agent and, as such, it was contrary to the parties' consent agreement and Wife's waiver. We grant Husband's first point on appeal.

**Conclusion**

The circuit court erred in awarding Wife a real estate commission contrary to the parties' consent agreement. We therefore reverse the circuit court's judgment with regard to that award. We remand the cause to the circuit court for further proceedings consistent with this opinion. The circuit court should recalculate the amounts owed without the inclusion of a real estate commission for Wife. We reverse the circuit court's judgment only with respect to the real estate commission

6

awarded to Wife.  We affirm the trial court's judgment with respect to Husband's remaining points pursuant to Rule 84.16(b).