**KCRE, INC., Appellant,**

v.

**James E. ROBB, et al., Respondents.**

**No. WD 50105.**

Missouri Court of Appeals,
Western District.

May 9, 1995.

Gary M. Steinman, Kansas City, for appellant.

Jay William Jensen, Kansas City, for respondents.

Before FENNER, C.J., P.J., and BRECKENRIDGE and HANNA, JJ.

FENNER, Chief Judge.

Appellant, KCRE, Inc., appeals the trial court's grant of summary judgment in favor of respondents, James and Rebecca Robb, on cross-motions for summary judgment. We reverse.

On or about November 11, 1990, KCRE and the Robbs entered into a lease agreement for office space in the Robbs' multi-

story commercial office building located at 5500 North Oak Trafficway in Kansas City, Missouri. Both parties agree that, pursuant to the original lease which commenced on January 1, 1991, appellant was required to pay, at the very least, a base monthly rate, designated as "minimum rent," plus a "Tenant's Expense Charge." This expense charge is defined by the parties as the amount by which the Robbs' total annual expenses exceed their base annual expenses, multiplied by KCRE's prearranged percentage[1] of such expenses.

The controversy between the parties boils down to one question: in addition to the previously listed sums, is KCRE also liable under the lease for a percentage of the lessors' base expenses? KCRE claims it is not, the Robbs allege it is.

Since the commencement of the lease, KCRE has continuously paid its minimum rent and has paid an additional monthly prepayment of the estimated Tenant's Expense Charge, as dictated by the lease.[2] Under protest, KCRE has also paid a percentage of the base expenses, bringing its additional payments (over the "minimum rent") to Eighteen Thousand and Seven Dollars ($18,007) for 1991, Seventeen Thousand Two Hundred and One Dollars ($17,201) for 1992, and Eighteen Thousand Two Hundred and Seventy Four ($18,274) for 1993.

KCRE made a demand, pursuant to the lease, for a refund or credit for the amounts which it believes it was overcharged for 1991, 1992 and 1993.[3] The Robbs refused to do so and, on November 15, 1993, KCRE filed a petition for Declaratory Judgment. On September 7, 1994, the parties submitted their summary judgment motions to the court which, in turn, entered its judgment in favor of the Robbs on September 23, 1994. KCRE appeals this grant of summary judgment and urges this Court to remand for entry of summary judgment in its favor.

Summary judgment is appropriate when there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law based on those facts. *ITT Commercial Finance Corp. v. Mid–Am. Marine Supply*, 854 S.W.2d 371, 380 (Mo. banc 1993); Rule 74.04(c). Construction of a contract is generally a matter of law. *Burns v. Black & Veatch Architects, Inc.*, 854 S.W.2d 450, 453 (Mo.App.1993). Therefore, summary judgment is appropriate when no factual issues remain and the meaning of the contract is so clear that it may be determined from the document's four corners. *Id.* If, however, the court determines that the contract is ambiguous, it is the trier of fact's duty to resolve the ambiguity, *Park Lane Medical Center of Kansas City, Inc. v. Blue Cross/Blue Shield of Kansas City*, 809 S.W.2d 721, 725 (Mo.App.1991), and summary judgment is not appropriate.

Both parties agree that the contract is unambiguous. After reviewing the contract on our own, though we find the contract was poorly written, we agree it is not ambiguous. Since the only issue of contention between the parties was the amount of money due under the lease, this case turns only on an question of law and summary judgment was appropriate. The question remains, however, whether summary judgment was granted on behalf of the correct party. To resolve this question we must examine the lease in question to determine what it requires of each party.

The cardinal rule when interpreting contracts is to determine the intention of the parties and give effect to that intention. *City of Fulton v. Central Elec. Power Coop.*, 810 S.W.2d 349, 351 (Mo.App.1991). If there is no ambiguity in the contract, the intention

---

1. The original lease provides that the appellant's percentage was 26.65%. It remained at this rate until June 1, 1992 when it was increased, through an addendum to the lease, to 30.19%. This percentage is based on the percentage of space in the Robbs' building occupied by KCRE.

2. From January 1, 1991 until June 1992, KCRE paid an estimated Excess Total Expenses charge in the amount of $900 per month. After July 1, 1992, KCRE paid an estimated Excess Total Expenses in the amount of $1,030 per month. These amounts were determined by dividing the Total Estimated Base Expenses found in Exhibit "B" of the lease by twelve.

3. KCRE claims it is owed refunds in the amount of $2,880.31 for 1991, $3,305 for 1992 and $3,731 for 1993.

of the parties is to be determined from the contract itself. *Id.* After examining the entirety of the lease, we find that the lease does not require KCRE to pay any percentage of the base expenses. Accordingly, summary judgment was granted for the incorrect party.

A review of the relevant portions of the lease follows: First, the lease defines Base Expenses as "[t]he amount of expense described in Section 4 and set forth in Exhibit 'B'" and states that the definitions of Total Expenses and Tenant's Expense Charge can be found in Section 4. Second, the amount of rent for which KCRE was responsible is defined in Section 3 as both the "Minimum Rent" (discussed earlier) and, "[i]n addition to the rent therein provided, Tenant shall pay as additional rent all charges required to be paid by Tenant under this Lease, whether or not designated as 'additional rent.'"

Section 4, entitled *"Total Expense escalation; Additional Rent,"* accounts for much of the confusion between the parties. Part (a) of that section defines "Total Expenses" as the sum of (i) the "Operating Expenses" (as defined in paragraph (c) of this section) plus (ii) the "Taxes" (as defined in paragraph (d) of this Section). Part (b) of section 4 provides in part as follows:

> For each calendar year falling wholly or partially within the term of this Lease after the Rent comencement Date in which the Total Expenses shall exceed the Base Expenses, Tenant [KCRE] shall pay a portion of such excess amount ("Excess Total Expenses") determined by multiplying the Excess Total Expenses for such calendar year by Tenant's Percentage of Excess Total Expenses (such amount to be paid by Tenant being herein called "Tenant's Expense Charge").[4]

Section 4(b) also discusses the rights of each party in light of an overpayment or underpayment. Finally, this part requires the Robbs to furnish KCRE with a reasonably detailed statement listing the Robbs' Total Expenses and outlining any further funds owed by KCRE.

4. In calculating Excess Total Expenses under Section 4(b), it is necessary to calculate Total Expenses and Base Expenses. The parties do

After a full review of the lease, we find no language requiring KCRE to pay for a percentage of the base expenses. The lease only requires KCRE to pay the minimum rent plus its prearranged portion of the Excess Total Expenses. KCRE was overcharged in 1991, 1992, and 1993 and summary judgment should have been granted in their favor. KCRE should receive a refund or credit for any excess payments made under the lease. These amounts should be formulated using the year end statements computed by the Robbs which are not in dispute between the parties for 1991, 1992 and 1993. KCRE has also requested prejudgment interest and attorney fees which matters are to be addressed by the trial court on remand.

Judgment reversed and cause remanded with directions to enter summary judgment in favor of appellant on the issue addressed herein in accordance with this opinion.

All concur.

not dispute the calculation of Total Expenses or Base Expenses as provided in the year and statements computed by the Robbs.