

# In the Missouri Court of Appeals

# Eastern District

## DIVISION III

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL, INSURANCE COMPANY, | ) ) ) | No. ED101609 |
| Respondent, | ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) ) | Honorable Barbara W. Wallace |
| EDWARD DIXON and KATHY DIXON, | ) ) ) | |
| Appellant. | ) | Filed: December 16, 2014 |

### Introduction

Appellants Edward Dixon and Kathy Dixon ("Homeowners") appeal from the trial court's entry of summary judgment in favor of Respondent American Family Mutual Insurance Company ("American Family"). Because the record shows that the issue at dispute in this litigation is whether Homeowners' claims are covered losses under the policy as opposed to the amount of damages resulting from a covered loss, the appraisal provision contained in the insurance policy is not applicable. The issue of whether the Homeowners' claims are covered losses under the policy may not be delegated lawfully to an internal resolution procedure provided in the insurance policy, but may be fully litigated by Homeowners in a court of law.

Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## Factual and Procedural History

Homeowners own a residential property in Maryland Heights, Missouri ("the Property") that is insured by an American Family homeowners' insurance policy ("the Policy"). The Policy contains an appraisal provision, which states, in full:

> **Appraisal**. If you and we fail to agree on the amount of damages as the result of a covered loss, either may demand that the actual cash value and the amount of the loss be set by appraisal. In this event, each party will choose a competent and disinterested appraiser within 20 days after receiving a written request from the other. The two appraisers will choose a competent and disinterested umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the insured premises is located. The appraisers will appraise the loss, stating separately the actual cash value and loss to each item. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the actual cash value and the amount of the loss. We will pay our appraiser. You will pay your appraiser. Other expenses and the compensation of the umpire will be paid equally by you and us.

On April 28, 2012, the Property was damaged in a wind and hail storm. As a result, Homeowners made a claim for coverage with American Family for damage to their concrete driveway, concrete porch, and wood deck.[1]

In a letter dated August 2, 2012, American Family informed Homeowners that they did not find sufficient storm-related damage to warrant repair or replacement of the concrete driveway or porch. Specifically, American Family stated: "We have inspected your property twice and have failed to discover sufficient damage to warrant the additional repairs shown on your contractor's estimate, or any storm related damage that would warrant the replacement of

---

[1] It is not clear from the record whether additional areas of the property were damaged and/or whether American Family provided coverage for such areas.

2

the concrete on your front porch or driveway." American Family then referred Homeowners to the appraisal provision in the Policy and asked Homeowners to respond in writing if they wished to proceed with the appraisal process.

Although it is not clear from the record which party demanded appraisal, on October 23, 2012, American Family engaged Dimitrios Zavradinos ("Zavradinos") from Donan Engineering, Co., Inc. to inspect the Property and make an appraisal award. Zavradinos found surface scaling, pitting, and pop-outs on the concrete driveway but determined that such damage was not caused by hail. Zavradinos also found hail impact dents and chips on the wood deck, but concluded that the structural integrity of the deck was not compromised and the deck need only be repainted. Ultimately, Zavradinos made an appraisal award of $750.00 which represented the cost to paint the wood deck.

On August 8, 2013, American Family filed a petition for appointment of an umpire against Homeowners. The petition alleged that Homeowners appointed Greg Fisher from Missouri Concrete Technology, Inc. as their appraiser, and American Family appointed Zavradinos as its appraiser.[2] The petition further alleged that the appraisers were unable to reach an agreement between them as to the selection of an umpire and thus requested that the trial court appoint one for them.

On September 10, 2013, Homeowners moved to dismiss American Family's petition for appointment of an umpire and filed counterclaims for breach of contract and vexatious refusal to pay. Homeowners alleged that because the dispute between the parties was one of coverage, not valuation, the appraisal process could not be used to settle the dispute. Homeowners argued that

_____

[2] It is not clear from the record whether Homeowners ever appointed an appraiser. The record contains only a job-cost estimate from Greg Fisher but no appraisal award.

3

Missouri law prohibits arbitration provisions in insurance contracts and here American Family was attempting to use appraisal as a disguise to arbitrate coverage issues.

American Family responded with a motion to dismiss Homeowners' counterclaims, insisting that the dispute was merely over valuation of the loss and not coverage. Therefore, American Family argued, the appraisal process was the "proper remedy" for the resolution of the parties' dispute. After a hearing on the matter, the trial court denied Homeowners' motion to dismiss the petition for appointment of an umpire and granted American Family's motion to dismiss Homeowners' counterclaims.

Homeowners filed a motion to reconsider the trial court's order on May 9, 2014. The motion alleged that a dismissal was improper because the trial court did not have enough evidence before it to determine whether the parties' dispute was a coverage issue or a valuation issue. Homeowners attached three exhibits to the motion to support their argument that the parties' disagreement concerned the cause of damage and not valuation: (1) an estimate to repair damage to Homeowner's concrete from Greg Fisher of Missouri Concrete Technology, Inc.; (2) the August 2, 2012 letter from American Family denying the existence of storm-related damage to Homeowners' concrete; and (3) Zavradinos's appraisal report and reward. After considering the exhibits and with the consent of both parties, the trial court converted American Family's motion to dismiss to a motion for summary judgment. The trial court subsequently granted American Family's motion for summary judgment without explanation and denied Homeowners' motion to reconsider. This appeal follows.

## Point on Appeal

In their sole point on appeal, Homeowners assert that the trial court erred in granting American Family's motion for summary judgment because American Family is attempting to use the appraisal process to resolve a coverage dispute. Homeowners argue that an appraisal process

4

that resolves coverage issues would constitute arbitration, which is unlawful and unenforceable in insurance matters in Missouri under Section 435.350.[3]

## Standard of Review

We review the grant of summary judgment *de novo*, giving no deference to the trial court's findings or determinations. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp., 854 S .W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered and give the non-movant the benefit of all reasonable inferences from the record. Id.; Calvert v. Plenge, 351 S.W.3d 851, 854–55 (Mo. App. E.D. 2011).

## Discussion

Summary judgment is proper where the pleadings and the discovery, exhibits, and affidavits on which the motion relies show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c); Lacy v. Wright, 199 S.W.3d 780, 782 (Mo. App. E.D. 2006). At its core, this case is about the interpretation and application of a contract. Construction of a contract is generally a matter of law. KCRE, Inc. v. Robb, 897 S.W.2d 232, 233 (Mo. App. W.D. 1995). Therefore, summary judgment is appropriate when no factual issues remain and the meaning of the contract is so clear that it may be determined from the four corners of the document. Id. If, however, the court determines that the contract is ambiguous, a trier of fact must resolve the ambiguity and summary judgment is inappropriate. Id.

Neither party alleges that the appraisal provision in the Policy is ambiguous, and we find no ambiguity. The intention of the parties may be clearly ascertained from the contract itself. Despite the clarity of the appraisal language found in the policy, the application of that provision

---

[3] All statutory references are to RSMo (2000).

is dependent upon the factual underpinnings of the dispute between Homeowners and American Family. Unfortunately, the trial court offered no reason for granting summary judgment in favor of American Family and dismissing Homeowners' counterclaims. However, the record before us clearly demonstrates that application of the appraisal provision was the core issue in the pleadings filed by both parties which ultimately resulted in the trial court's grant of summary judgment. Because the appraisal provision applies only to disputes relating to the amount of covered losses, and not to disputes as to whether a claim is a covered loss, the appraisal provision does not apply to the situation presented, and granting summary judgment was improper.

The Policy's appraisal provision clearly and unambiguously provides both Homeowners and American Family the right to demand an appraisal. However, this right is limited to those instances where the parties cannot agree on the amount of damages as the result of a ***covered loss.*** The Policy states, in relevant part:

> "If you and we fail to agree on the amount of damages ***as the result of a covered loss***, either may demand that the ***actual cash value*** and the ***amount of the loss*** be set by appraisal. In this event, each party will choose a competent and disinterested appraiser . . . . The appraisers will appraise the loss, stating separately actual cash value and loss to each item."

(emphasis added). The Policy does not give the appraisers the authority to determine, in the first instance, whether a covered loss exists.[4] Rather, an appraisal may only be performed once it is first established that a covered loss exists. Once a covered loss is established, the Policy clearly limits the function of the appraisers to determining the "actual cash value and the amount of loss."

---

[4] Such a policy would be unenforceable as the interpretation of an insurance contract, particularly in reference to the question of coverage, is a question of law that must be decided by the court. D.R. Sherry Const., Ltd. v. Am. Family Mut. Ins. Co., 316 S.W.3d 899, 902 (Mo. banc 2010).

In this case, the limited record before us suggests that the underlying dispute between Homeowners and American Family is not the "amount of the loss" claimed by Homeowners, but whether the condition of the concrete driveway and wood deck are covered losses under the policy. Missouri law is clear that whether the appraisal provision of an insurance policy applies depends upon whether the dispute between the insurer and insured is properly characterized as a coverage dispute or a disagreement over the amount of the loss. Hawkinson Tread Tire Service Co. v. Indiana Lumbermens Mutual Insurance Co., 245 S.W. 2d 24 (Mo. 1951). The record before us does not suggest that American Family has acknowledged that the condition of Homeowners' concrete porch, concrete driveway, and wood deck are covered losses under the policy of insurance. Instead, the record shows that American Family denied the existence of hail damage to Homeowners' concrete, and therefore denied the existence of any covered loss. In its August 2, 2012 letter, American Family informed Homeowners that it did not find sufficient storm-related damage to warrant repair or replacement of the concrete driveway or porch. Additionally, American Family's appraiser concluded in his report that the surface scaling, pitting, and pop-outs on the concrete were caused by wear and tear and not by hail. As to the wood deck, there is no evidence in the record from which we could conclude that the alleged damage is an undisputed covered loss. The sole evidence in the record pertaining to the deck is Zavradinos's appraisal award which granted $750.00 to repaint the wood deck. The appraisal award does not establish whether all of the alleged damage to the wood deck is a covered loss.

In its brief and during oral argument, American Family repeatedly emphasized that the dispute at issue was one of the amount of loss, not coverage. American Family reasons that because the policy unambiguously provides coverage for damage caused by hail, there is no dispute as to coverage, but only the amount of loss. We are lost in this circuitous argument presented because the summary judgment evidence before us clearly shows that American

7

Family's objections to Homeowner's claims is premised upon its position that the condition of Homeowners' concrete resulted from causes other than hail impact. Yet American Family insists that because it admits that hail damage, in the abstract, is a covered loss under the Policy, the issue to be resolved in addressing the merits of Homeowners' particular claims is not a question of coverage, but instead, a question as to the amount of damages sustained by Homeowners. We are not persuaded.

As noted above, appraisal provisions in an insurance policy apply only if the dispute between the parties relates to the amount of the loss and not coverage. Hawkinson, 245 S.W. 2d at 24; see also Certain Underwriters at Lloyd's London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC, No. 4:13–CV–193 CAS, 2013 WL 2403843 at *8, (E.D. Mo. May 31, 2013). American Family argues that the lack of ambiguity in the hail damage provision contained in the policy is dispositive of the fact that the only issue before the court relates to the amount of the loss, not coverage. Although case law addressing this issue is limited, and we have found no Missouri case squarely on point with the facts before us, we reject American Family's bald contention that "[c]learly coverage is not in dispute in this case." The summary judgment evidence before us does not suggest that American Family utilized its appraisers to determine the extent of a covered loss, but instead has used the appraisal process to determine whether or not there exists a covered loss. This distinction is critical to our analysis and holding because, in that event, the appraisal provision is being used as a means of arbitration to resolve issues of coverage, which is prohibited under Section 435.350.

Because the summary judgment evidence in the record suggests that the issue at dispute in this litigation is whether Homeowners' claims are covered losses under the policy as opposed to the amount of damages resulting from a covered loss, the appraisal provision in the Policy is

8

not applicable, and the trial court erred in granting summary judgment in favor American Family.

Conclusion

We reverse the trial court's entry of summary judgment and remand for further proceedings consistent with this opinion.

_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs